## JESSE W. PEEBLES v. CHARLES H. HORTON.

Upon an issue of fraud in regard to a conveyance of land, it appeared that the *consideration* set out, was $4000, whilst there was evidence that it was *considerably less*; thereupon the vendee (*defendant*) asked the Court to instruct the jury that it was not incumbent upon him to prove that he had given exactly *that amount*, so that it were shown that he had given *a fair and reasonable price; Held,* that instructions, in reply to this prayer, That the fact, that the consideration set out in the deed was $4000, did not *per se* render the deed fraudulent ; but that in questions of fraud, the jury were at liberty to take it into consideration together with other circumstances, are responsive and correct.

That the only parties present, in February 1865, at a conveyance of all of the vendor's land, in satisfaction of *old debts,* were the vendor and vendee, who were brothers-in-law, and the subscribing witness, also a brother-in-law of the vendee, is a fact calculated to throw suspicion upon the transaction, i. e, is a badge of fraud.

That a defendant declines to call as a witness in regard to a transaction to which he was a party, a disinterested and unimpeached person, then known by him to be present in Court ; and instead, becomes a witness in regard to such transaction himself—it being the very matter in question in such suit—is also *calculated to excite* suspicion ; and instructions thereupon, That, it was not evidence of fraud by itself, but considerable latitude is permitted to counsel in such matters, and, under the circumstances  the plaintiff's counsel were at liberty to comment upon it as a badge of fraud, and the jury may consider of it in making up their verdict, are correct.

(*Bumgarner* v. *Manney,* 10 Ire. 121, and *Devries* v. *Haywood,* 63 N. C.  53 , cited and approved )

NOTE.—See *Peebles* v. *Peebles,* 63 N. C. 656.

ISSUES, from the Supreme Court, tried before *Watts, J.,* at January Special Term 1870 of Wake Court.

It is the same case that is reported, upon a former trial of it, in 63 N. C. 656, as *Peebles* v. *Peebles.*

The deed, which was impeached by the plaintiff as fraudulent against himself, as one of the creditors of Joseph A. Peebles, the bargainor, had been executed February 26 1865, by said Joseph to the defendant, who was his brother-in-law, for the expressed consideration of $4,000, alleged to have been paid in *debts* (seven-eighths being *old,* i. e. *ante-*

*war,*) due by the bargainor to the defendant. The only other person present at its execution, was one Weathers, also a brother-in-law of Horton.

There was evidence tending to show that the true consideration was considerably less than $4,000.

1. Upon the point of *consideration,* the counsel for the defendant asked the Court to instruct the jury, That it was not necessary for Horton to show that Joseph Peebles owed him the full sum of $4,000 when the deed was executed, in order to establish that it was *bona fide* and upon a valuable consideration, but, that, in order to establish a valuable consideration, it was only necessary to show that he paid a fair and reasonable price for the land, in money or money's worth.

In reply to this, his Honor instructed the jury, That the fact, that the consideration set out, was $4,000, did not *per se* render the deed fraudulent; but in questions of fraud the jury were at liberty to take it into consideration, together with other circumstances.

2. The counsel for the plaintiff, in addressing the jury, commented upon the fact that the defendant had chosen to become a witness himself, and not to introduce Joseph A. Peebles, who *he* alleged, was not pecuniarily interested, and who knew all about the creation of the alleged debts, and the negotiation for the purchase of the land:—as casting suspicion upon the defendant's case, &c.

The counsel for the defendant asked the Court to instruct the jury, that the plaintiff's counsel had no right to comment before the jury upon the failure of the defendant to introduce Joseph A. Peebles as a witness, and that no inference could be drawn by the jury from that fact, for or against either side, as he was not interested either way, and was equally accessible to each.

His Honor, in reply, told the jury "that the defendant's failing to introduce Joseph Peebles, is not evidence of fraud by itself, but that considerable latitude is permitted to counsel in such matters, and, under the circumstances, the plain-

tiff's counsel was at liberty to comment upon it as a badge of fraud, and the jury may consider it in making up their verdict."

Verdict for the plaintiff. Rule, &c.; Rule refused. Certificate accordingly.

*Haywood, Rogers & Batchelor, Fowle & Badger,* for the defendant.

*Phillips & Battle, contra.*

PEARSON, C. J. After a careful examination of the transcript we are satisfied that there has been a "fair trial." When issues of fact are sent to the Court below to be submitted to a jury, this Court is not disposed to set aside the verdict, and will never do so, except for manifest error: *interest reipublicæ ut sit finis litium.*

The instruction: "The fact that the consideration set out in the deed was $4,000, did not *per se* render the deed fraudulent; but in questions of fraud the jury were at liberty to take it into consideration together with the other circumstances;" is in our opinion fully responsive to the instruction asked for, and "hits the mark precisely:" for it cannot be supposed, that the latter part of the instruction was worded for the purpose of leaving out of consideration the question of *bona fides,* and bringing it down to the mere matter of a valuable consideration. If so, why talk about "a fair and reasonable price for the land, in money or in money's worth, or in debts due to him by the said Joseph A. Peebles"? Taking the proposition abstractly, $100 was a valuable consideration; and if that was the meaning, a reference to the value of the land was impertinent. His Honor took the right view of the instruction asked, and gave the proper response.

2. If a weak old man is induced to execute a deed "in an out of the way place," and with secrecy, this is a circum-

stance entitled to much weight in passing on the question of imposition, so, if one promises a brother-in-law, no one else being present except another brother-in-law (to witness the deed) to execute a deed for his property, purporting to be in consideration of $4,000, made up of old debts, to the exclusion of his other creditors, this is a suspicious circumstance, or as his Honor calls it a "badge of fraud;" that is, a fact calculated to throw suspicion on the transaction, and calls for explanation. So, if the bargainee, to meet the charge of combination to commit a fraud, is content, to offer himself as a witness to explain the transaction, and does not call his brother-in-law, the bargainor, who is present in Court; that circumstance is calculated to excite suspicion, and transpiring in the presence of the jury will, of course, have its effect upon their minds.

The ruling of his Honor, to allow full comments on both sides, was proper to aid the jury by a full discussion, to determine how much weight ought to be given to it, and whether in point of fact the witness was not called, because the bargainee, who had peculiar means of knowing what he would swear, was afraid to trust him; or whether it was a mere question of professional skill between the attorneys on either side.

An order of removal because the party cannot have a fair trial in his own county, *Bumgarner* v. *Manney,* 10 Ire. 121; the fact that a party does not choose to make a witness of himself, *Devries* v. *Haywood,* 63 N. C. 53; are not embraced by the principle, that the jury ought to have all of the lights that can be made available, in the dark trailing after fraud that seeks to hide its tracks.

The principle is well settled, whilst the exceptions to it rest upon peculiar circumstances. According to our judgment, this case falls under the general principle. A jury is necessarily influenced by the fact, that the maker of a deed which is attacked for fraud, is not called to give a full explanation,

and that the bargainee, who is a party to the suit, chooses to put the matter upon his own oath.

PER CURIAM.                                         No error.