On the cross-examination of one C. G. Howard, a material witness for the State, he was asked, in order to impeach him, if on one occasion, one Wiley Ellis' pocket book was not found in his boot leg. The witness answered that it was, and on being asked how it came there, said, "ask Mr. Ellis," and refused to answer further.
In the closing argument for the State, counsel asked, why did not the defendant produce Wiley Ellis, and show that the witness had stolen his pocket book, if such was the fact. Counsel for the prisoner interrupted the counsel addressing the jury, and asked him to state to the jury, that the defendant had no right to introduce this evidence, because it was incompetent. The counsel for the State refused to do *Page 718 
so, but proceeded to argue that the defendant had the right to (861) introduce this evidence.
The counsel for the defendant then handed up to his Honor a written prayer for an instruction to the jury, that the defendant could not have introduced this evidence, to which his Honor said that he did not think it necessary to take notice of it, and that the prayer for instruction came too late, and did not notice it in his charge. After verdict, the defendant moved for a new trial, among other grounds, because one of the jurors who sat upon the trial, had become insane, and that from the development of the insanity so soon after the rendition of the verdict, the defendant believed that the juror was insane during the trial. When this juror was called into the box, he had been challenged for cause, and after examination, had been accepted by the defendant, but mental unsoundness was not then suggested.
His Honor refused the motion, and from the judgment on the verdict of guilty, the defendant appealed.
The witness for the State sought to be impeached by cross-examination, might have declined to answer the questions asked in respect to the pocket-book, because they tended to expose him to a criminal prosecution. He, however, chose to answer them, and his admissions tended very strongly to prove that he had stolen the pocket-book, as implied by the questions put to him, and the prisoner got the benefit of that discrediting fact.
The question suggested to the jury, arguendo, by the counsel for the State in the course of his argument, of which complaint is made, was not strictly a proper one, but any possible undue weight it may have had upon the minds of the jury, was sufficiently counteracted by the interruption at the time, made by the prisoner's counsel. It seems the Court thought so, and hence it declined to comment to the jury on a matter, at most, of slight importance. It was the duty of the presiding Judge to watch the course of the argument to the (862) jury, and see that no injustice arising from it was done to the prisoner or the State, and it must be presumed, nothing to the contrary appearing, that he did so. The abuse of privilege of counsel in the argument to the jury, is never ground for a new trial, except when such abuse was gross, and probably injured the party complaining, and was not properly checked and corrected by the Court. The supervision of the trial, including the argument to the jury, must be left largely to the sound discretion of the presiding Judge. State v. *Page 719 Suggs, 89 N.C. 527; State v. Bryan, Ibid., 531; State v. Davis, 92 N.C. 764.
The juror supposed to have been insane, was duly chosen and sworn. It is not found as a fact, nor does it appear in evidence before the Court, on the motion for a new trial, that he was insane while he sat as a juror on the trial. The prisoner simply inferred that he was, because he became so very shortly afterwards. If he became insane, as suggested, this was a matter properly addressed to the Court, upon a motion for a new trial, to be granted or refused in its sound discretion. It was not an error to refuse to grant it that can be corrected in this Court; certainly not, in the absence of the fact to be found by the Court, that the juror was insane while sitting on the trial.
On examination of the record, we at first thought the indictment defective, in that it fails to charge that the prisoner set fire to the mill, with intent "to injure or defraud" some person. But we find that the statute, (Acts 1885, ch. 66), repeals so much of the statute, (The Code, Sec. 985. sub-section 6), as made such allegation necessary.
There is no error. To the end that further proceeding may be taken in the action in the Superior Court according to law, let this opinion be certified to that Court. It is so ordered.
No error. Affirmed.
Cited: Goodman v. Sapp, 102 N.C. 483; S. v. Massey, 103 N.C. 361; S.v. May, 118 N.C. 1205; Maney v. Greenwood, 182 N.C. 584.