J. P. GOODMAN et al. v. T. H. SAPP et al.

*Partition, Jurisdiction of Clerk in—Parties as Witnesses; when
failure of to testify subject of comment—Comments of Counsel
—Discretion of Judge—The Code, §§ 1350, 1353—Deed
Proven by Fraud or Undue Influence.*

1. In a special proceeding for partition, commenced before the Clerk,
   it was alleged in the complaint that plaintiff was tenant in com-
   mon with the defendant, the facts upon which the tenancy in
   common was claimed to exist being set out. The defendant denied
   the allegations of the complaint, and claimed to be sole owner:
   *Held*, that the Clerk had jurisdiction, and the refusal of the Judge
   in term to dismiss the case was proper, whatever construction is
   to be placed upon ch. 276, Laws 1887.

2. Where, upon an issue as to whether a deed, made by one of the par-
   ties to the action to the defendant's wife, was procured by fraud,
   &c., the evidence was that the deed was procured by the defend-
   ant by getting the grantor drunk, and that defendant was present
   when it was executed: *Held*, that it was not error to permit coun-
   sel to comment on the fact that defendant was present in Court,
   but had failed to go on the stand as a witness to contradict such
   testimony.

3. The extent to which counsel may comment upon witnesses and parties must be left, ordinarily, to the sound discretion of the presiding Judge, which will not be reviewed, unless it is apparent that the impropriety of counsel was gross and calculated to prejudice the jury.

4. The introduction or non-introduction of a party as a witness in his own behalf should be the subject of comment only as the introduction or non-introduction of any other witness might be. This is the necessary result of the *The Code*, § 1350, which does not contain the clause, which is in § 1353, forbidding such comment in criminal prosecutions.

5. A deed is void if procured from one so weak in mind, from old age, as not to understand what he is doing.

CIVIL ACTION, tried before *Brown, J.,* at January Term, 1889, of CABARRUS Superior Court.

This was a special proceeding for partition, commenced before the Clerk, and transferred to the Superior Court in term, upon issues being raised by the pleadings.

The plaintiffs were J. P. Goodman and wife Peggy, Leah Safrit, Thos. J. Safrit, Geo. W. Safrit, and Rufus, Sarah and Francis Yost.

The defendants were Thos. H. Sapp and wife Sarah, Emeline Safrit, Eli J. Safrit, Henry, Lawson, Mary, John and George Bost, Jr., and Peter Cruse.

Defendants appealed. The other facts are stated in the opinion.

*Messrs. L. S. Overman* and *Paul B. Means,* for the plaintiffs.
*Mr. W. J. Montgomery,* for the defendants.

DAVIS, J. The complaint alleges that Katie Safrit died in 1882, seized and possessed of the land in controversy, and that the plaintiffs and defendants (other than Peter Cruse) are her heirs-at-law, upon whom the said real estate descended, and that Peter Cruse claims title in fee, under a pretended deed from Thos. H. Sapp, to a portion of the land described.

. The defendants, Thos. H. Sapp and Sarah his wife, answer denying all the allegations of the complaint, and alleging that the defendant Sarah Sapp is the sole owner in fee of said land, except a portion named, which they say is owned by their co-defendant Cruse.

The defendant Cruse answers, and claims to be the sole owner in fee of the portion of said land described in his answer.

Upon the trial before his Honor, the defendants moved to dismiss the action, " upon the ground that it was apparent, upon the pleadings, that the Clerk did not have jurisdiction."

" His Honor intimated that the Clerk did not have jurisdiction of the matter in controversy between the plaintiffs and the defendant Cruse, whereupon the action was dismissed as to the defendant Cruse and the land claimed by him," and his Honor held that the Court had jurisdiction as to the other defendants.

The defendants excepted

Whether his Honor erred in ruling that the Clerk had no jurisdiction as to the defendant Cruse, we are not called upon to determine.

The plaintiffs did not appeal.

We think it clear that the Court had jurisdiction as to the other defendants. *McBryde* v. *Patterson*, 73 N. C., 478.

Whatever may be the construction to be placed upon chapter 276 of the Acts of 1887, the action ought not to have been dismissed, and there was no error in his Honor's ruling of which the defendants can complain. This disposes of the first exception.

" It was admitted, upon the trial, that Katie Safrit was, at one time, the owner of the land in dispute, and that she died the owner thereof, unless she had conveyed the land to one George Safrit, under whom the defendant Sarah Sapp

claimed. It was further admitted, that the heirs-at-law of Katie Safrit were correctly stated in the complaint."

The following issues were submitted:

" 1. Is the defendant Sarah Sapp sole seized of the whole of the land described ?

" 2. Is the defendant Sarah Sapp the owner of George Safrit's share or interest ?"

The defendants offered in evidence a deed from Katie Safrit to George Safrit, dated August 25, 1873, and a deed from George Safrit to Sarah Sapp, dated September 2, 1873, conveying the land in controversy. The consideration in both deeds was stated to be $500.

Many witnesses were examined on both sides, and the evidence is sent up with record.

That on the part of the plaintiffs tended to show that Katie Safrit was an old woman of very weak mind ; that she was incapable of understanding, attending to, or transacting any business; that she could not understand a deed, and one of the witnesses speaks of her as " idiotic."

The evidence also tended to show that the land was worth $3,000.

Geo. W. Safrit testified, among other things, as follows : " Sapp got after me to get mother (Katie Safrit) to come and live with him ; said he would give me a horse to get mother away from Goodman's. I got the horse and mother came to Sapp's to live. She lived there a couple of weeks or better before the deed was made  *  *  *  I never made any deed to Sarah Sapp. Thos. Sapp and witness went to Sol. Fisher's to get the deed written. Sapp offerred $500 if I would make him a deed. We got on a spree and went up to Roseman's. Here I suppose he got me to sign something else. I don't know what I did there, or when I signed it. Sapp gave me liquor and insisted on me drinking. If I signed deed I don't remember it." He also said : " Sapp never paid me anything."

George Shank testified that he was at Roseman's; that Sapp and Safrit asked Roseman to write for them ; that he wrote some and asked to whom the deed was to be made. Sapp said, " to Sarah Sapp, of course."

This constituted the defendants' second exception.

The witness had testified, without objection, that her mind was very weak, and that she did not know what she " was about in making the deed," and we can see no force in the objection.

The testimony of the witnesses for the defendants tended to show that Katie Safrit had capacity to make a deed.

S. Fisher testified that he knew Katie Safrit. " I think she had sense enough to make a deed, if explained to her; never saw her do anything foolish ; I wrote deed from Mrs. Safrit to George. Thos. Sapp and George got me to do it," &c.

The plaintiffs' counsel, in his argument to the jury, stated that Sapp, the defendant, had procured the deed from George Safrit without paying anything for it; that from the recital in the deed he had obtained a $3,000 tract of land for $500; that from the evidence of Safrit it was proven that Sapp got him drunk and procured the deed from him when he did not know what he was about. Sapp was in court, and had the right to contradict Safrit if that was not the truth, and he did not avail himself of the opportunity and right to contradict him.

In the midst of this argument, made by the plaintiffs' counsel, defendants objected, that counsel had no right to comment on the fact that the defendant was in court, and failed to avail himself of his right to contradict the statements set forth. Court overruled the objection and permitted the counsel for plaintiff to argue that Sapp was in court and had the right to contradict George Safrit, if Safrit had not told the truth, and did not avail himself of his rights. Defendant excepted.

102—31

This constitutes the defendants' third exception.

The power and the duty of the Court to check counsel when abusing his privilege, in commenting on witnesses and their testimony, and on the conduct of parties to the action, is clearly settled by many decisions. Very soon after the change by statute, allowing parties to actions to testify, it was adjudged that the mere fact that a party, plaintiff or defendant, did not testify in his own behalf, was not the proper subject of comment.

In *Devries & Co.* v. *Phillips & Haywood*, 63 N. C., 52, the Court was asked to charge the jury : " That inasmuch as the defendant was a competent witness, the fact that he did not offer himself as a witness in his own behalf, authorized the jury to presume the facts against him.   His Honor declined to give the instruction, but charged the jury that they might consider the circumstances and give to it what weight they might think proper," &c.

In commenting on this ruling, Judge READE said : " It is true, as a rule of evidence, that when, in the investigation of a case, facts are proved against a party which it is apparent he might explain, and he withholds the explanation, the facts are to be taken most strongly against him." * * * " We conclude that the fact that a party does not offer himself as a witness, standing alone, allows the jury to presume nothing for or against him, and can only be the subject of comment as to its propriety or necessity in any given case, according to the circumstances, as the introduction or non-introduction of any other witness might be commented on."

In *Gragg* v. *Wagner*, 77 N. C., 246, but three persons were present at the bargain and execution of the deed in controversy—the plaintiff, the draftsman, and the defendant. The two former were examined on behalf of the plaintiff. The defendant was not present, but was in the State of Oregon, and it was not alleged that he knew facts other and different, in connection with the execution of the deed, from those

testified to by the witnesses present, and counsel was not permitted to comment upon the fact that he had not offered himself as a witness.

The Court said : " It is the privilege and not the duty of a party to an action to offer himself as a witness in his own behalf, and he is not the proper subject for unfriendly criticism, because he declines to exercise a privilege conferred upon him for his own benefit merely. The fact is not the subject of comment at all; certainly not, unless under very peculiar circumstances, which must necessarily be passed upon by the Judge presiding at the trial, as a matter of sound discretion. Only an abuse of that legal discretion is reviewable here."

*Peebles* v. *Horton,* 64 N. C., 374; *State* v. *Williams,* 65 N. C., 505 ; *Jenkins* v. *Ore Co.,* 65 N. C., 563; *State* v. *Bryan,* 89 N. C., 531 ; *State* v. *Sugg,* 89 N. C., 527 ; *Gay* v. *Manuel,* 89 N. C., 83; *State* v. *Rogers,* 94 N. C., 860, and *Chambers* v. *Greenwood,* 68 N. C., 274, and numerous other authorities, settle the general principle that the extent to which counsel may comment upon witnesses and parties " must be left, ordinarily, to the sound discretion of the Judge who tries the case, and this Court will not review his discretion, unless it is apparent that the impropriety of counsel was gross and calculated to prejudice the jury "

It was said by Judge READE, in *Chambers* v. *Greenwood, supra,* " the mere manner of conducting the trial below is, and ought to be, so much within the discretion of the presiding Judge, that an alleged irregularity must be palpable, and the consequences important, to induce us to interfere." And this is said in citing and approving *Devries* v. *Phillips,* where it is said that his introduction or non-introduction should be the subject of comment only as the introduction or non-introduction of other witnesses might be.

We think this is the necessary result of the change made by § 1350 of *The Code.*

It will be noted that there is a difference between section 1350, which relates to civil actions, and section 1353, which relates to criminal actions. In the latter it is expressly declared that a failure of the defendant to testify " shall not create any presumption against him." The reason for the difference readily suggests itself.

The doctrine laid down is not in conflict with *Wilson* v. *White*, 80 N. C., 280; *Greenlee* v. *Greenlee*, 93 N. C., 278; *Kerchner* v. *McRae*, 80 N. C., 219, or *Blackwell* v. *McElwee*, 96 N. C., 71.

If the defendant in the present case had had any witness present who was cognizant of, and could have contradicted the damaging facts testified to, and failed to introduce such witness, we think it would have been the subject of proper comment, and the ruling of his Honor in this respect does not entitle the defendant to a new trial.

The next exception is, "because his Honor, in his charge, recapitulated the evidence merely, and did not state it in the legal bearing upon the issues submitted to the jury."

The charge of his Honor is set out in full and at length. A careful examination of it will show that this exception is without any foundation. It is a clear statement of the law as applicable to the evidence, and we deem it unnecessary to reproduce it here.

The last exception is to the following special instruction given by his Honor, the ground of exception being, because there is no evidence that Thos. H. Sapp procured Katie Safrit to make the deed to George Safrit:

. " I am requested to charge you, that if the jury believe from the evidence that Katie Safrit was weak in mind, from old age, so as not to understand and know what she was doing, and while in that condition Thos. H. Sapp procured Katie Safrit to execute a deed to George Safrit for a tract of land worth $3,000, for a consideration of $500, with the intention of shortly thereafter procuring a deed from George to

his own wife Sarah, such transaction is void. I so charge you, and if you so believe, you must answer first issue, 'No.'"

The evidence is not reproduced by us in full, but so much of it only as is sufficient to show that his Honor was fully warranted in giving the charge complained of.

There is no error.

· Affirmed.