### C. J. HUDSON v. D. B. JORDAN.

*Witness—Parties to Actions—Comments of Counsel—Registration—Evidence—Fraud.*

1. The fact that a party to an action, who is present at the trial, does not become a witness in explanation of suspicious circumstances affecting the integrity of his conduct, and about which he has peculiar means of information, is a legitimate subject for comment by counsel, notwithstanding the deposition of such party, made on the application of his adversary, has been introduced by himself. (MERRIMON, C. J., dissenting.)

2. As between the parties, there being no question of title arising from prior registration of junior deeds, a deed registered after the commencement of an action is admissible in evidence.

3. Although the vendor at the time of the alleged fraudulent conveyance retained property sufficient to pay his indebtedness, and although the vendee paid the purchase-money, yet if the conveyance was made with the intent to defraud creditors, and this was known to and participated in by the vendee, the deed is void as to the creditors.

CIVIL ACTION, tried at February Term, 1891, of SAMPSON Superior Court, *Graves, J.,* presiding.

This action is to recover the land described in the complaint. The title was in issue. On the trial, the plaintiff put in evidence a deed to him from the Sheriff of Wayne County, dated March 10th, 1890. The land embraced by this deed is the same as that the subject of this action, and was sold to satisfy certain judgments for money against E. B. Jordan. Those judgments, the executions issued upon the same, and the returns by the Sheriff thereof, were also put in evidence. "In order to estop defendant, plaintiff introduced in evidence a certified copy of a deed from E. B. Jordan (above named) and wife to D. B. Jordan, the defendant, dated February 9th, 1889, and duly proved and recorded in the office of Register of Deeds of Wayne County, which was admitted to cover the land in controversy, which deed recites

a consideration of $1,500." The plaintiff alleged that this deed was fraudulent, made by the defendant in the judgments above mentioned to the present defendant, his son, to defraud the creditors of the former, and he produced evidence tending to prove such fraudulent purpose, and that the defendant paid nothing for the land, &c.

Defendant then introduced his examination had before the Clerk of the Superior Court of Wayne County, at the instance of the plaintiff, under sections 581 and 582 of *The Code.*

Defendant introduced in his behalf his mother, who testified, among other things, that the money for the land was paid by D. B. Jordan to E. B. Jordan in her presence, no one except herself, her husband and son being present; that it was paid in a bundle and was not counted, and she could not say how much there was, but she heard him say there was $1,100 or $1,200; that she took the money and put it in her hand-satchel and carried it home, and that night gave it to her husband, and has not seen it since.

In reply, plaintiff introduced evidence tending to prove that the defendant had been in Pender County only one year before the deed was executed by him, and that he was insolvent when he went to Pender.

E. B. Jordan was present in Court during the whole of the trial, as was also the defendant, and neither of them was introduced as a witness. During the progress of the argument, one of plaintiff's counsel was proceeding to comment on the failure of E. B. Jordan and D. B. Jordan to take the stand as witnesses, when the defendant objected that it was improper to comment on his failure to take the stand.

His Honor overruled the objection, and defendant excepted.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

Messrs. *C. B. Aycock* and *G. V. Strong*, for plaintiff.
Messrs. *George Rountree* and *H. L. Stevens*, for defendant.

CLARK, J :  The first three exceptions were without merit, and were abandoned on the argument.

The fourth exception was: "The defendant was present in Court during the whole of the trial. The plaintiff's counsel was proceeding to comment on the failure of the defendant to take the stand as a witness, when defendant objected that it was improper to comment on his failure to take the stand. The Court overruled the objection, and defendant excepted." There is no exception to the nature of the comments of counsel as being an abuse of the privilege of counsel, and an exception of that kind must be made at the time, or it is waived. *State* v. *Suggs*, 89 N. C., 527; *State* v. *Lewis*, 93 N. C., 581; *State* v. *Powell*, 106 N. C., 635.

The point presented is the right to comment on the fact that the opposite party in a civil action does not go upon the stand as a witness in his own behalf. *The Code*, § 1353, prohibits such comment as to the defendant in a criminal action, but there is no such inhibition in regard to parties in civil actions. Whatever may have been the intimations of the Court in the earlier cases, when the statute allowing parties to civil actions to testify (*The Code*, § 1350) was fresh and considered almost revolutionary, there was never any statute prohibiting such comments in civil cases; and it has been settled in *Goodman* v. *Sapp*, 102 N. C., 477, that the introduction or non-introduction of a party as a witness in his own behalf is the subject of comment exactly as the introduction or non-introduction of any other witness would be. There was evidence tending to show, and which the jury found did show, fraud on the part of the defendant. He was in Court and heard it. The truth of the facts was peculiarly within his knowledge, and he was a competent witness. That he failed to go upon the stand and contradict evidence affecting him

so nearly was a pregnant circumstance which the jury might well consider, and which counsel, within proper limits, might call to their attention.

It is contended, however, that while this is generally true, this case is an exception, because the plaintiff had caused the examination of the defendant to be taken prior to the trial, as authorized by *The Code*, §§ 581, 582. That proceeding is a substitute for the bill of discovery under the former practice (§ 579), and the plaintiff could have rebutted his deposition on the trial by adverse testimony (§ 583). Besides, the deposition was put in evidence by the defendant himself, and the plaintiff "did not make one his witness by taking his deposition which he declined to read." PEARSON, J., in *Neil* v. *Childs*, 10 Ired., 195.

Everyone knows that, as a matter of practice, the evidence of a witness *viva voce* is usually more effective with a jury than the reading of a deposition; and again, one of the recognized aids to a jury in arriving at the truth of controverted facts, is the bearing of a witness on the stand, his manner in giving in his testimony, his frankness or efforts at concealment, and the like. That the defendant, who was in Court when his character for truth and honesty was so strongly impeached, should prefer to put in his deposition and deprive himself of the benefit of his *viva voce* testimony, and the jury of the advantage of seeing his bearing and manner on the stand, was surely a subject of legitimate comment. It was open to his counsel to argue that it proceeded from delicacy and a sense of propriety, but that did not deprive the plaintiff's counsel from calling attention, in a proper way, to the fact that the defendant preferred giving the jury his deposition instead of the benefit of a personal examination before them. There was no exception that the comments of plaintiff's counsel were of a nature to be an abuse of the privilege. Besides, there was brought out on the trial for the first time the material testimony that the money was handed over in

a package uncounted, the plaintiff's mother, who was relied on as a witness to prove the payment of money, not knowing, therefore, how much it was; and further, that the defendant went to Pender only one year before the deed was executed to him, and that he was insolvent when he went there. That the defendant did not explain these circumstances, which did not appear in the deposition, of itself made it legitimate to comment upon his failure to go upon the stand It is not always proper to comment upon the fact that any-one does not go upon the stand.   When, however, the wit-ness is in Court, and can give important information to the Court and jury in their search after the truth, the fact that he is not called by the party who should put him on the stand is a subject of proper criticism, and it makes no differ-ence (in a civil case) that such witness is a party to the suit.

The fifth exception is, that plaintiff's deed, though exe-cuted before action brought, was not registered till the same day the summons was issued.   The plaintiff had the equita-ble title without registration, and could introduce the deed as evidence if registered the very day of the trial.   There is no question here of the prior registration of a junior deed which would defeat plaintiff's claim.   Acts 1885, ch. 147.

The sixth exception is, that the Court charged the jury " If they should find that E. B. Jordan (the father of the defendant and the grantor in the deed) reserved sufficient, ample and available property to pay all his debts existing at the time of the execution of the deed to the defendant, and if they should also find that the purchase-money was paid by the defendant, yet, if they should find that E. B. Jordan made said deed with intent to defraud his creditors, and that intent was known to and participated in by the defend-ant, the deed would be void "   This charge is supported by *Savage* v. *Knight*, 92 N. C., 493;  *Woodruff* v. *Bowles*, 104 N. C., 197.

MERRIMON, C. J. (dissenting): Generally, a party to an action may, but he is not bound to, become a witness in his own behalf on the trial, and that he does not ordinarily creates no presumption to his prejudice, nor is the fact that he does not the proper subject of comment to the jury by counsel in his argument to them upon the evidence. But when the evidence tends to prove material facts to the prejudice of a party as to facts, matters and things apparently within his knowledge, or that ought so to be, and he could contradict, modify or explain such adverse evidence, and he is present at the trial, or might conveniently be, and he fails to testify, as he might do, that he does not, is a subject fairly to be commented upon by the opposing party  If a party can, and has opportunity to, contradict, modify or explain any evidence produced on the trial to his prejudice, and he will not, the fair and reasonable inference is that he cannot, such inference being more or less strong, according to the attending circumstances.  A party should, in justice to the Court and jury, as well as to himself, produce competent evidence to prove his side of the case as clearly and strongly as he well can, without regard to a very nice or fanciful sense of delicacy on his part as to becoming a witness in his own behalf.  A judicial trial is practical and earnest, and the purpose is to truly ascertain the material facts in issue. and to this end all, certainly sufficient, competent evidence should be produced, whether the witnesses be the parties or otherwise.  It is strong circumstantial evidence against a party that he omits to give evidence to repel circumstances and evidence to his prejudice which he has power to produce and will not, and it is not otherwise when he may do so by himself as a witness and will not.  What I have thus said is fully sustained by what is decided and said, pertinent here, in *Goodman* v. *Sapp*, 102 N. C , 477; *Chambers* v. *Greenwood*, 68 N. C., 274; *Gragg* v. *Wagner,* 77 N. C , 246; *Black* v. *Wright,* 9 Ired., 447.

In this case, I am of opinion that the failure of the defendant to become a witness in his own behalf would have been a subject of fair comment but for the important fact that the plaintiff himself examined him before the trial, as allowed by the statute (*The Code*, §§ 581, 582), and his examination was duly filed by the Clerk before whom the same was taken. That examination was very thorough and searching, embracing, substantially and very fully, the matters and things as to which the plaintiff's counsel complained he had not testified about on the trial, as he might have done. The plaintiff did not put such examination in evidence on the trial, as he had the right to do, but the defendant did, as he might do. The statute (*The Code*, § 582) expressly provides that such examination " may be read by either party on the trial." It was evidence for the defendant, subject to be rebutted by adverse testimony of the plaintiff, and commented upon by counsel to the jury. While the defendant was not examined before the jury, he was examined in a way allowed by law, and his evidence was before them for all pertinent purposes. Nevertheless, the plaintiff's counsel was allowed to make strong and prolonged comments, not simply upon his testimony as given, but as well upon the fact that he was not again examined, and in the presence of the jury. He and his counsel, no doubt, thought that the examination of him by the plaintiff was full and sufficient.

Inasmuch as the defendant had thus been examined, I think the Court erred in allowing the counsel to complain and comment and lay great stress upon the fact that he was not examined, at his own instance, in the presence of a jury. It is altogether probable that the very forcible comment had undue weight with them. The clear tendency of it was to strongly incline and prejudice them against the defendant because he had not been re-examined before them, when, in fact, he had been examined very thoroughly by the plaintiff in a way he chose, and that examination was before them

to be commented upon by counsel.   It might be that if the plaintiff had, before the introduction of evidence on the trial was closed, notified the defendant his counsel would comment on the fact that he abstained from going on the witness-stand before the jury, that the case would be different.   But that case is not presented

*Per Curiam.*                                    Affirmed.