After stating the case: The question in this case turned largely upon whether the defendants were partners in the *Page 621 
transaction upon which the plaintiff declares. There was more than ample testimony to show that they were such partners. The defendant Joe M. Burlison signed the contract along with the plaintiff, and agreed to take and pay for the timber or logs which were merchantable, and which would saw out sound lumber. The codefendants, Greenwood and Blackstocks, if they were partners of Burlison would, of course, be responsible equally with him. The following are some of the facts tending to establish the copartnership between the defendants: The instrument executed by Greenwood and Blackstocks to Burlison some time after the contract was made, the signature of Burlison and Blackstocks to the note and the statement of Blackstocks that they were partners at the time this contract was made and the conduct of the partners, especially when plaintiff demanded his money, and lastly the most significant fact is the admission of the partnership by defendants in paragraph one of the answer in this action.
1. There was an abundance of evidence to warrant the jury in finding that Greenwood and Blackstocks were partners with Burlison, and certainly enough to go to the jury, and the jury has so found. Greenwood and Blackstocks did not refuse to pay the plaintiff on the ground that they were not partners with him, but stated that the logs did not come up to the contract, and Blackstocks said that the reason Burlison signed his name to the note was that they were partners "over there" at that time, and this is reinforced by the conveyance from Greenwood and Blackstocks to Burlison and other proof of the partnership, as, for instance, the admission in the answer, as above noted, that the three composed the partnership. There is no substantial merit in this exception.
2. The court charged the jury that the burden of proof was on the plaintiff to show that he had complied with the (582) terms of the contract in every respect, and there was also evidence by the witness agreed upon by the plaintiff and defendant to do the measuring of the logs, that he had scaled out all defects and left the logs so that they would saw out sound lumber. Taking the charge of the court altogether, it shows that it was absolutely fair to the defendants.
3. The court stated the contentions of the plaintiff as to the partnership, and also charged the jury that if plaintiff had shown by the greater weight of the evidence that, though Blackstocks and Greenwood may not have signed the contract, they were really interested with Burlison, as partners, in the logs conveyed by the contract, that they were going to manufacture them together, and thus engage in the joint enterprise, and that Burlison only represented them, then, and in that event, not only would Burlison be responsible *Page 622 
to the plaintiff, but the other two defendants would be liable to him for all merchantable logs plaintiff delivered to the defendant's yards, the designated place of delivery, provided plaintiff complied with his contract.
4. Counsel do not state enough of the charge of the court to show just what the judge meant when he said that the defendants had not gone on the stand, and when the charge is read, as to this point, it will be seen that the court was giving the contentions of the defendants, and that it was not necessary for them to go upon the stand, since they contended that the logs were not up to the contract. But if defendants failed to prove material facts which they could have shown by their own testimony, their failure to become witnesses was the subject of fair comment. Goodman v. Sapp,102 N.C. 477; S. v. Turner, 171 N.C. 803; 16 Cyc. 1062;Powell v. Strickland, 163 N.C. 393.
5. It was not denied that the defendants sawed a portion of the logs into lumber, and, of course, this was an acceptance of a portion of the logs, at least, and the court was warranted in so charging to this effect.
6. The court charged the jury that Burlison could not reject all of the logs, but only such part as came up to the contract he would have to take. This was the correct rule of law applicable to the case.
7. There is nothing in the charge to sustain this exception, and the same has been fully answered in the remarks above. When all the charge is taken and construed together, as it should be, the rule of law was correctly laid down by the court.
8. We can see no error in this exception. The court charged the jury, at all times, that the burden of proof was on the plaintiff to satisfy them by the greater weight of the evidence that he had complied with the terms of the contract, which had been offered in evidence, before they could answer the issue in favor of him, (583) and if he failed to satisfy the jury by the greater weight of the evidence, they should answer the issue against the plaintiff.
That part of the charge, as to accepting a part of the timber being equivalent to an acceptance of all, was evidently meant to be confined to the merchantable timber, or such as complied with the description of the contract, and it was not intended to say that an acceptance of the merchantable timber would bind the defendants to take the whole lot whether of that kind or not. We could not possibly attribute any such meaning to the very learned and accurate presiding judge, and, besides, the context discloses the real meaning to be that defendants were bound only to take the timber, *Page 623 
which was of the kind they contracted to receive and pay for, and could not reject "any" if some of it was of that description, the word "any" being palpably used for "all," and the jury could not, as intelligent men, have otherwise understood the language of the court, even though the phraseology may not have accorded with the highest and best standard of expression. The charge must be taken and construed as a whole, in the same connected way it was delivered to the jury, and we must not trust to mere conjecture that they may, perhaps, have misunderstood, and thus have been misled, but it should clearly so appear before we can reverse for that reason. It would not be fair to the judge to select only one isolated passage in his instructions, but each clause should be considered in the light of what precedes and follows it, so that we may look at the charge in its entirety. This has always been the rule here and elsewhere, for it is the essence of reason and justice. S. v. Exum, 138 N.C. 599; Kornegay v. R. R.,154 N.C. 389; In re Hinton's Will, 180 N.C. 206, 213.
As to the failure of the defendants to take the stand as witnesses in their own behalf, the case of Goodman v. Sapp, 102 N.C. 477, furnishes a full answer to this objection, but as this practice does not seem to be well understood, we will refer more particularly to some of the authorities. The power and duty of the court to check counsel when abusing his privilege in commenting on witnesses and their testimony, and on the conduct of parties to the action, is clearly settled by many decisions. Very soon after the change by statute, allowing parties to actions to testify, it was adjudged that the mere fact that a party, plaintiff or defendant, did not testify in his own behalf was not the proper subject of comment. In Devries v. Phillips,63 N.C. 53, the court was asked to charge the jury: "That inasmuch as the defendant was a competent witness, the fact that he did not offer himself as a witness in his own behalf, authorized the jury to presume the facts against him. His Honor declined to give the instruction, but charged the jury that they might consider the circumstances and give to it what weight they might think proper." In commenting on this ruling, Reade, J., said: "It (584) is true, as a rule of evidence, that when, in the investigation of a case, facts are proved against a party which it is apparent he might explain, and he withholds the explanation, the facts are to be taken most strongly against him." . . . "We conclude that the fact that a party does not offer himself as a witness, standing alone, allows the jury to presume nothing for or against him, and can only be the subject of comment as to its propriety or necessity in any given case, according to the circumstances, as the introduction *Page 624 
or nonintroduction of any other witness might be commented on." In Gragg v. Wagner, 77 N.C. 246, but three persons were present at the bargain and execution of the deed in controversy — the plaintiff, the draftsman, and the defendant. The two former were examined on behalf of the plaintiff. The defendant was not present, but was in the State of Oregon, and it was not alleged that he knew the facts other and different, in connection with the execution of the deed, from those testified to by the witnesses present, and counsel was not permitted to comment upon the fact that he had not offered himself as a witness. The Court held that it is the privilege, and not the duty, of a party to an action to offer himself as a witness in his own behalf, and he is not the proper subject for unfriendly criticism, because he declines to exercise a privilege conferred upon him for his own benefit merely. The fact is not the subject of comment at all; certainly not, unless under very peculiar circumstances, which must necessarily be passed upon by the judge presiding at the trial, as a matter of sound discretion. Only an abuse of that legal discretion is reviewable here. Peebles v. Horton, 64 N.C. 374; S. v.Williams, 65 N.C. 505; Jenkins v. Ore Co., 65 N.C. 563; S. v. Bryan,89 N.C. 531; S. v. Sugg, 89 N.C. 527; Guy v. Manuel, 89 N.C. 83;S. v. Rogers, 94 N.C. 860, and Chambers v. Greenwood, 68 N.C. 274, and numerous other authorities, settle the general principle that the extent to which counsel may comment upon witnesses and parties "must be left, ordinarily, to the sound discretion of the judge who tries the case, and this Court will not review his discretion, unless it is apparent that the impropriety of counsel was gross and calculated to prejudice the jury." It was said by Reade, J., in Chambersv. Greenwood, supra, that "the mere manner of conducting the trial below is, and ought to be, so much within the discretion of the presiding judge that an alleged irregularity must be palpable, and the consequences important, to induce us to interfere." And this is held in citing and approving Devries v. Phillips, supra, where it is stated that his introduction or nonintroduction should be the subject of comment only as the introduction or nonintroduction of other witnesses might be. We think this is the necessary result of the change made by The Code, sec. 1350. It will be noted that there is a difference between The Code, sec. 1350, which relates to civil (585) actions, and section 1353, which relates to criminal actions. In the latter it is expressly declared that a failure of the defendant to testify "shall not create any presumption against him." The reason for the difference readily suggests itself. The doctrine laid down is not in conflict with Wilson v. White, 80 N.C. 280;Greenlee v. Greenlee, 93 N.C. 278; Kerchner v. McRae, 80 N.C. 219, *Page 625 
or Blackwell v. McElwee, 96 N.C. 71. If the defendant in the present case had had any witness present who was cognizant of and could have contradicted the damaging facts testified to, and failed to introduce such witness, we think it would have been the subject of proper comment, and the ruling of his Honor in this respect does not entitle the defendant to a new trial. See, also, Yarborough v. Hughes, 139 N.C. 199; Powell v.Strickland, supra, and Stone v. Texas Co., 180 N.C. 546.
It seems that Goodman v. Sapp, supra, and the later cases approving it, has settled the law in this respect, notwithstanding the varying and not altogether consistent expressions used in some of the previous decisions cited above.
We have examined the record with care, and can find no reason to disturb the verdict of the jury or the judgment of the court below. On the contrary, we are of the opinion that the case has been properly, fairly, and correctly tried, and that the jury drew the right conclusion from the evidence.
No error.
Cited: Gaither v. Clement, 183 N.C. 455; S. v. Love, 189 N.C. 773;Lamborn v. Hollingsworth, 195 N.C. 353.