CRICHTON P. CUTHRELL (Original Party Plaintiff) and Husband, W. R. CUTHRELL (Additional Party Plaintiff), v. REBECCA JANE JOHNSON GREENE.

(Filed 24 November, 1948.)

**1. Trusts § 2b: Frauds, Statute of, § 5—**

Plaintiff alleged that her employer changed the beneficiary in a policy of insurance on his life to another employee under an agreement, understood, discussed and acquiesced in by all parties, that upon his death such other employee would pay out of the proceeds of such insurance the balance due

on a mortgage on plaintiff's home, and thus recompense both employees for services faithfully rendered. *Held:* The action is one to establish a parol trust and not one to recover on a promise by the employer to answer for the debt of plaintiff, and therefore G.S. 22-1 has no application.

**2. Trusts § 2b: Evidence § 25—**

Plaintiff employee instituted this action against another employee upon an agreement under which the employer made defendant employee the beneficiary in a policy of insurance on his life with the understanding that defendant would pay out of the proceeds of the insurance the balance due on a mortgage on plaintiff employee's house. *Held:* Questions asked plaintiff on cross-examination by defendant's attorney as to whether she was not seeking to hold defendant for a debt owed plaintiff by the deceased employer are irrelevant to the issue of the existence of a parol trust, and plaintiff was prejudiced by the refusal of the court to sustain her objections thereto.

**3. Same—**

Plaintiff employee instituted this action against another employee upon an agreement under which the employer made defendant employee the beneficiary in a policy of insurance on his life with the understanding that defendant would pay out of the proceeds of the insurance the balance due on a mortgage on plaintiff's house. *Held:* Questions asked plaintiff's husband on cross-examination by defendant's counsel as to whether he did not know that the proceeds of policies of insurance could not be charged with the debts of the deceased insured, are irrelevant to the issue of the existence of a parol trust, and objection to the questions should have been sustained.

**4. Trial § 7—**

While wide latitude is allowed counsel in his argument to the jury, counsel may not travel outside the record and inject into his argument facts of his own knowledge or other facts not included in the evidence, and when he does so, it is the duty of the presiding judge upon objection to correct the transgression.

**5. Trial §§ 7, 8—**

Ordinarily the failure of a party to testify in a civil action raises no presumption against him, but where the evidence is such as to call for testimony by the party in contradiction of the adverse party's direct testimony, the failure of such party to testify is a circumstance to be considered by the jury, and is a proper subject of fair comment by counsel.

**6. Same: Appeal and Error § 39l—**

Plaintiff testified that decedent changed the beneficiary in a policy of insurance on his life to defendant with the understanding that defendant would pay out of the proceeds the balance due on a mortgage on plaintiff's house, and that in several conversations between all the parties defendant agreed to make such payment. *Held:* The failure of defendant to testify in contradiction of plaintiff's testimony was a proper subject of comment by plaintiff's counsel, and argument of defendant's attorney that she failed to testify because she was pregnant was improper, since it related to matters *dehors* the record, and was prejudicial.

APPEAL by plaintiff from *Harris, J.,* at April Civil Term, 1948, of FRANKLIN.

Civil action to recover on alleged parol trust.

The record discloses these matters: Plaintiff Crichton P. Cuthrell, as original party plaintiff, alleges in her complaint substantially these pertinent facts:

1. That the time of the matters and things complained of defendant, then Rebecca Jane Johnson, was, and for several months preceding had been, employed as secretary to Dr. Herbert G. Perry of Louisburg, North Carolina, and plaintiff Crichton P. Cuthrell was then, and for a period of approximately fifteen years had been, employed as clinical nurse for said Dr. Perry.

2. That a short time prior to 2 March, 1945, having an opportunity to purchase a home in Louisburg, North Carolina, and having the highest regard for his judgment in business affairs, plaintiff Crichton P. Cuthrell, consulted Dr. Perry with regard to purchasing said home and the best method of financing same, as she did not have in hand funds sufficient to pay for the same in cash, and, as result of this consultation, Dr. Perry advised her to purchase the home and he would finance the amount of $3,000 for her by securing same by a first mortgage on the property.

3. That in consequence of the advice and agreement of Dr. Perry, as just stated, plaintiff purchased the property and took title to same, and at same time executed and delivered a deed of trust to W. L. Lumpkin, Trustee, for the holder or bearer of the notes, securing notes in amount of $3,000, and delivered same to Dr. Perry and received therefor $3,000 which was paid as part of purchase price for her home.

4. That in the month of January, 1946, in the Cherry Hotel in Wilson, North Carolina, when plaintiff and her husband had gone to see Dr. Perry concerning his hospital in Louisburg, Dr. Perry, in the presence of them and of defendant, stated that "plaintiff would never have to pay the mortgage upon her home as he was indebted to her for long and loyal service for more than he could ever pay"; and, again, on or about 4 April, 1946, Dr. Perry, while at the home of plaintiff, having been in failing health for some time, and having stayed at home of plaintiff through several spells of sickness, and being at the time separated from his wife and family, "expressed himself" in the presence of plaintiff and her husband and defendant, then Rebecca Jane Johnson, now Greene, "that he was very worried about the condition of his health and that in appreciation for the plaintiff's long, loyal service to him as an employee and benefactor during his illness, that should anything happen to him, that he wished to make financial arrangement whereby the plaintiff would never be called upon to pay the then existing remaining balance of $2,700 due upon the aforesaid deed of trust which he stated had been transferred to

and was then being held by P. W. Elam, and that he had an insurance policy in the amount of $15,000 then payable to his estranged wife, in which he was going to change the beneficiary to the said Rebecca Jane Johnson and that one of the conditions for changing said beneficiary was that from the proceeds of the same, in case of his death, that the said Rebecca Jane Johnson would pay in full for the plaintiff the amount due upon said deed of trust, and the said Rebecca Jane Johnson then and there agreed to do so"; and "that thereafter on April 8th the said Dr. Herbert G. Perry changed the beneficiary in policy No. 1029549 of the Pacific Mutual Life Insurance Company to the defendant, then Rebecca Jane Johnson."

5. That thereafter, about 1 September, 1946, said Dr. Perry again in the home of plaintiff, critically ill with tuberculosis, "called the plaintiff and her husband . . . and the defendant to his bedside and advised them that in his opinion, he would not live more than a few days and that he wished to appoint his pallbearers and at the same time of appointing the same he reminded the defendant . . . that one of the conditions of changing the beneficiary in the aforesaid insurance policy to her was that she was to pay the remaining amount due on the mortgage on the plaintiff's home, from the proceeds thereof, and that he specifically did not want the plaintiff to ever have to pay one cent due upon it, and that he had not made any provision for the plaintiff in his will for her long and valuable service to him, for the reason that he was taking care of what he wished to leave to the plaintiff by way of said insurance policy; that then and there, again the defendant . . . assured the said Dr. Perry, and the plaintiff and her husband, that she would pay from the proceeds of the insurance policy the amount due upon the mortgage and that the same would be entirely taken care of in accordance with the said Dr. Herbert G. Perry."

6. That two days thereafter, on 3 September, 1946, Dr. Perry died in the home of plaintiff, and on or about 27 February, 1947, defendant collected the amount of said insurance policy in the sum of $15,000.

7. That thereupon plaintiff contacted defendant and "requested her to comply with her trust, and pay the amount due upon the mortgage in the sum of $2700 with interest"; that defendant made one excuse after another for not complying, and plaintiff continued to make demands upon her to do so, and on 12 March, 1947, defendant paid to plaintiff $500 with an explanation that at that time she could not pay the remainder as she had had to buy out of the proceeds of the insurance policy the dower right of the widow of Dr. Perry in a certain house, formerly his home and hospital, and to pay attorney's fees for collecting the insurance and "that she would take care of the balance as soon as she could get a final settlement from her attorneys"; but that though plaintiff has con-

tinued to request defendant "to make full settlement of her trust" she has declined, neglected and refused to pay the balance due.

And upon these allegations plaintiff prays judgment against defendant in sum of $2,200 with interest from 2 March, 1946, etc.

After the filing of the complaint, and upon motion of defendant Walter R. Cuthrell, husband of original plaintiff, was made party plaintiff, for that the deed to the home place was made to "Walter R. Cuthrell and wife, Crichton P. Cuthrell," and his name appeared on the notes and deeds of trust,—and he came into court and adopted the complaint filed by his wife as hereinabove set forth.

Defendant, answering the complaint, admits that she was employed by Dr. Herbert G. Perry as secretary and nurse for some time preceding his death; that Dr. Perry made her beneficiary in an insurance policy on his life; that Dr. Perry spent several days prior to his death in the home of plaintiffs; that Dr. Perry died on date, and that she collected $15,000 on the insurance policy, as alleged in complaint; and that she did buy the dower interest in the Dr. Perry home place, and pay her attorneys' fees— but defendant denies all other material allegations of the complaint.

And by way of further defense, defendant avers that in the event such a contract, as alleged in the complaint, did exist between plaintiffs and Dr. Perry, it not being in writing as required by G.S. 22-1, it is not enforceable against defendant, and she pleads this statute as a bar to plaintiffs' recovery in this action.

Upon the trial in Superior Court *feme* plaintiff and her husband testified in specific detail in support of the allegations of the complaint, and offered other testimony in corroboration of their testimony. Defendant, though present in court throughout the trial, offered no testimony.

At the close of all the evidence, plaintiffs moved for a directed verdict on the evidence. The motion was denied. Exception by plaintiff.

The case was submitted to the jury upon these issues:

"1. Did Dr. Herbert G. Perry create a parol trust in Rebecca Jane Johnson as trustee for the benefit of Crichton P. Cuthrell by reason of the change of the beneficiary in an insurance policy as alleged in the complaint?

"2. In what amount is defendant indebted to plaintiff?"

The first issued was answered "No." The second issue was not answered.

From judgment on the verdict in favor of defendant, plaintiffs appeal to Supreme Court and assign error.

*E. C. Bulluck and Charles P. Green for plaintiffs, appellants.*

*Lumpkin, Lumpkin & Jolly and Yarborough & Yarborough for defendant, appellee.*

WINBORNE, J. Careful consideration of the several assignments of error brought forward and presented on this appeal reveals error prejudicial to plaintiff which necessitates a new trial.

In connection with the questions presented it must be borne in mind that the cause of action upon which plaintiff Crichton P. Cuthrell bases this action is an alleged parol trust in her favor, created by Dr. Herbert G. Perry as a condition for changing the beneficiary, and naming defendant as beneficiary, in a certain policy of insurance on his life, in that he required of defendant an agreement that she would pay, out of the proceeds of the policy, the amount of balance due on a deed of trust executed by plaintiffs as security for balance of purchase price on the home of plaintiff. This is not an action to recover on a contract of indebtedness, express or implied, by Dr. Herbert G. Perry to Crichton P. Cuthrell. The issue is whether or not Dr. Perry created the trust in favor of Crichton P. Cuthrell as alleged in the complaint. He either did or did not. And the statute of frauds, G.S. 22-1, providing in substance that an action on a promise to pay the debt of another may not be maintained unless the agreement upon which it is based shall be in writing, and signed by the party charged, or by some other person lawfully authorized, is not applicable to an action on a parol trust.

We now come to consider, in the light of the purpose of this action, certain of the exceptions presented by plaintiff.

1. The second exception is to the action of the trial court in overruling objection to this question, three in one, asked plaintiff Crichton P. Cuthrell on cross-examination by counsel for defendant: "Q. Are you trying to hold somebody else for what he owed you? You brought this suit for what he owed you? Isn't that what you are doing?" These questions are not relevant and pertinent to the issue in the case, and are calculated to prejudice the cause of plaintiff in the minds of the jury. The objection should have been sustained.

2. The third and fourth exceptions are directed to the action of the court in overruling objection to questions asked W. R. Cuthrell, witness for, and husband of plaintiff Crichton P. Cuthrell, on cross-examination by counsel for defendant. After the witness had testified that he is in the insurance business, these questions were asked him: "Q. And you are in it now, and you know about the provision of the North Carolina law which says that you cannot charge a beneficiary of an insurance policy or a man's life insurance with his debts?" And, again: "Q. Don't you know that under the North Carolina law the proceeds of an insurance policy payable to a named beneficiary cannot be charged with the debts of the deceased?" The import of these questions runs counter to the theory of the alleged cause of action on which the action is based, and, if for no

other reason, they are irrelevant, and prejudicial to plaintiff. There is error in not sustaining the objections to them.

3. The sixth exception has its setting in this incident occurring on the trial: "One of the counsel for defendant, during the course of his address, argued to the jury that the defendant, Rebecca Jane Johnson Greene was not required to prove anything or even take the stand and that Rebecca Jane Johnson Greene was pregnant and for that reason did not go upon the witness stand to testify; counsel for the plaintiff objected to this argument to the jury by counsel and asked the court to instruct the jury not to consider such argument as such argument was improper; motion by the plaintiffs' attorney was overruled and the defendant's attorneys were permitted by the court to argue to the jury that the defendant Rebecca Jane Johnson Greene's reason for not going on the witness stand was that she was pregnant."

Under the circumstances of this case, we are of opinion, and hold, that the explanation by counsel for defendant as to why she did not go upon the witness stand exceeds the bounds of permissible argument. While wide latitude is given to counsel in addressing the jury, *McLamb v. R. R.,* 122 N. C. 862, 29 S. E. 894, he may not "travel outside of the record" and inject into his argument facts of his own knowledge or other facts not included in the evidence. McIntosh, N. C. P. & P., p. 621; *Perry v. R. R.,* 128 N. C. 471, 39 S. E. 27; *S. v. Howley,* 220 N. C. 113, 16 S. E. (2) 705; *S. v. Little,* 228 N. C. 417, 45 S. E. (2) 542; *S. v. Hawley, ante,* 167, 48 S. E. (2) 35. And when counsel does so, it is the right and, upon objection, the duty of the presiding judge to correct the transgression, *S. v. Little, supra,* and cases there cited.

In the present instance, the court having overruled the objection of plaintiff to the statement being made to the jury by counsel for defendant, the question arises as to whether the statement is prejudicial to plaintiff. Ordinarily, in a civil action, the failure to testify, standing alone, "counts for naught against a party, and the jury should presume nothing therefrom; but when the case is such as to call for an explanation," *McNeill v. McNeill,* 223 N. C. 178, 25 S. E. (2) 615, or the evidence is such as to call for a denial, as in the present case, the situation is different. See also *Goodman v. Sapp,* 102 N. C. 477, 9 S. E. 483; *Hudson v. Jordan,* 108 N. C. 10, 12 S. E. 1029; *Powell v. Strickland,* 163 N. C. 393, 79 S. E. 872; *Trust Co. v. Bank,* 166 N. C. 112, 81 S. E. 1074; *Bank v. McArthur,* 168 N. C. 48, 84 S. E. 39; *In re Hinton,* 180 N. C. 206, 104 S. E. 341; *Walker v. Walker,* 201 N. C. 183, 159 S. E. 363; *York v. York,* 212 N. C. 695, 194 S. E. 486. Compare *Barker v. Dowdy,* 224 N. C. 742, 32 S. E. (2) 265.

In the present case the failure of defendant to go upon the witness stand to contradict the direct testimony offered by plaintiff as to what Dr. Perry

said in her presence, and to her with respect to changing the policy of insurance on his life, and naming defendant as beneficiary under the policy, requiring that, out of the proceeds of the policy, the deed of trust on plaintiff's home be paid, and as to the agreement by defendant to so pay it, was a circumstance against her to be considered by the jury, and was proper subject of fair comment by counsel for plaintiff in addressing the jury. *Goodman v. Sapp, supra; Powell v. Strickland, supra; York v. York, supra.*

The statement of counsel for defendant, in explanation of why defendant did not go upon the witness stand injected into the case facts or evidence of facts not included in the testimony offered on the trial, and impinged upon the right of plaintiff to have the jury consider the case only in the light of the evidence properly admitted in the course of the trial.

Since there is to be a new trial, other exceptions appearing in the record of case on appeal need not be considered.

New trial.