## JOHN GRAGG *v.* DAVID WAGNER.

A conveys to B a tract of land with a covenant against incumbrances, both parties, at the time, having full knowledge of the existence of valid, outstanding incumbrances upon the land conveyed: *Held*, that, under the principle of *caveat emptor*, B. in the absence of fraud or mistake in procuring it, is entitled to recover on the covenant.

CIVIL ACTION, an attachment against the defendant for a breach of covenant, tried on a demurrer to the defendant's answer, before *Henry, J.*, at the Fall Term, 1873, of WATAUGA Superior Court.

The following are the substantial facts relating to the point presented in the Court below, and decided in this Court.

Plaintiff and defendant exchanged lands, those of the plaintiff situate in Watauga county, N. C., and the five tracts of the defendant being in Johnson county, State of Tennessee. Both parties executed and delivered to each other deeds for their respective tracts of lands, covenanting therein against any and all incumbrances, and that they were legally seized, &c.

The plaintiff alleges that at the time and before the deeds were made by the defendant to him for the lands in Tennessee, there had been levied on said land sundry attachments, upon which judgments had been obtained, amounting to the sum of $3,065.08 inclusive of costs, and for which the lands sold by defendant to plaintiff were liable and had been levied on.

In his answer, the defendant admits the incumbrances on the land he sold, and avers that the plaintiff before he accepted the deeds executed by him had notice thereof, being informed by him of the existence of the attachments and of the proceedings under them.

Plaintiff demurred to defendant's answer, in that it is insufficient, as it admits the existence of the covenant declared on, and the fact that the plaintiff knew of the incumbrance, and other matters in said answer stated, are not sufficient from preventing the plaintiff's recovery.

His Honor sustained the demurrer, and the defendant appealed.

*Armfield*, for defendant.
*Folk*, contra.

BYNUM, J.   A conveys to B a tract of land with a covenant against encumbrances, both parties, at the time, having full knowledge of the existence of valid outstanding encumbrances upon the land conveyed: Can B recover upon the covenant? There is no allegation of fraud or mistake in procuring the covenants, and therefore, any oral evidence offered in the case, would fall under the general rule that it shall not be admitted to contradict, alter or vary, the written agreement of the parties. If there are known encumbrances, and it is the object of the vendor to except them from the operation of the covenant, it is always in his power to make it appear so on the face of the deed; and if he fails to do so, it is his own folly, and he will not be allowed to repair the error at the expense of the settled rules of construction which have become a part of the laws of property.

The principle is *caveat emptor*, and therefore, if the vendee fails to investigate the title or take covenants, he is bound by the defect of title and must bear the loss; but if he, with ordinary prudence, protects himself by proper covenants, the vendor is then bound to indemnity.   Thus the vendor must take care of the covenants he enters into, and notice of the encumbrance can make no difference, as was decided in *Lait* v. *Witherington*, Luter. 317.   There, in an indenture reciting a lease, where the party covenanted that the original lease was good and unencumbered, on an action of covenant alleging an encumbrance, notice of it was pleaded by the defendant, and on demurrer, the plaintiff had judgment.   The current of decisions is uniform to the same purpose.   *Townshend* v. *Wald*, 8 Mass., 146, *Harlow* v. *Thomas*, 15 Pick., 70; 11 Serg. & Rowle, 112; 10 Conn., 533; *Dun* v. *White*, 1 Ala., 646.

And on the same principle it is held that mere notice does not preclude the covenantee from relief in a Court of Equity, by way of detaining the purchase money, to the amount of the encumbrance, when it is one covenanted against. *Stockton* v. *Cook*, 3 Munf. 68. So in *Collingwood* v. *Irwin*, 3 Watts, 309, the covenantor offered to show that at the time of the execution of the deed it was agreed that the assignment of a certain judgment should be the only security of the covenantee, and that the former was not to be held liable on his covenant, it was held, that to admit such proof would not only be admitting evidence to contradict, but to alter and change the character and effect of the deed materially.

If the vendee fails to take a warranty of title, in the absence of fraud, the whole loss will fall upon him, why then should not the loss fall upon the warrantor when he enters into a warranty? The very fact of the purchaser having notice of an encumbrance, is the best reason why he should take a covenant of protection against it. The purchaser consents to take a defective title, because he relies for his security upon the covenants of the vendor, and it may not be unwise in the vendor to make the covenant, for it must be presumed that he expects to discharge the encumbrance, out of the purchase money, or other available means, and not allow it to be enforced upon the specific land.

If a deceit was practiced upon the vendor, or any false representation, in the nature of a fraud, on which a Court of Equity could take hold, that Court would not permit the party to take advantage of his own wrong, but would, on a proper case, rescind the contract and restore the parties to their original state, or refuse the vendee any aid or relief, upon a covenant thus obtained. But such is not the case before us. Nothing now appears upon which the equitable jurisdiction of this Court can fix itself, and interpose between the parties.

In short, when the contract is that the purchaser takes the land, *cum onere*, it must be expressly mentioned, and the encumbrance excepted from the operation of the covenant in

which case the covenantor will not be liable. But here it is otherwise denominated in the deed, and that instrument must be its own interpreter.

The question of damages is not now presented, and the amount will depend upon the issues which may arise on the future pleadings, provided for by the agreement of the parties, and entered of record. The rule, however, is indemnity, which may be less, but cannot exceed the sum of the purchase money. *White* v. *Whitney,* 3 Met., 89. Rowle, 130—40.

There is no error.

PER CURIAM.                              Judgment affirmed.