### JOHN GRAGG v. DAVID WAGNER.

*Witness--Breach of Covenant--Deed.*

It is the *privilege* but not the *duty* of a party to an action to offer himself as a witness in his own behalf; and the fact that such privilege is not exercised is not the subject of comment before a jury.

(Whether an action of covenant to which an equitable defence is made falls within the operation of Art. IV, § 8, of the Constitution—*Quœre.*)

(*Devries* v. *Phillips*, 63 N. C. 53, cited and approved )

CIVIL ACTION for Breach of Covenant in a Deed, tried at Spring Term, 1877, of WATAUGA Superior Court, before *Schenck, J.*

It appeared that the defendant executed a deed to the plaintiff conveying certain lands in Johnston County, Tennessee, which were subject to incumbrances, judgments, &c., against the defendant. Covenants against these incumbrances were inserted in the deed. (See same case, 71 N. C. 316 ) At the time of the trial the defendant was in the State of Oregon, and during the progress of the trial the plaintiff's counsel commented on the fact that the defendant had not offered himself as a witness. To this the defendant's counsel objected, and the objection was sustained. There was much evidence touching the manner in which the transaction was had, and upon issues submitted the jury found the following facts:

1. The covenants against incumbrances were inserted in the deed by the mutual mistake of the parties.

2. The lands sold by Wagner to Gragg were incumbered at the date of the deed.

3. The plaintiff sustained no damage by reason of having to relieve the land of the incumbrances.

4. The value of the land conveyed was $4000.

On this verdict, judgment was rendered for the defendant and the plaintiff appealed.

*Mr. G. N. Folk*, for plaintiff.
*Mr. R. F. Armfield*, for defendant.

BYNUM, J. 1. The defendant, Wagner, was a competent witness as well for the plaintiff as for himself and in his own behalf. If he was a material witness for the plaintiff, it was the latter's own fault that he went to trial without his testimony ; and if he was not material, he has received no harm by his absence. It is the privilege but not the duty of a party to an action to offer himself as a witness in his own behalf, and he is not the proper subject for unfriendly criticism because he declines to exercise a privilege conferred upon him for his own benefit merely. The fact is not the subject of comment at all, certainly not unless under very peculiar circumstances which must be necessarily passed upon by the Judge presiding at the trial as a matter of sound discretion. Only an abuse of that legal discretion is reviewable here. Nothing of the sort appears  There were but three persons present at the bargain and execution of the deed—the plaintiff, the draftsman, and the defendant. The two former were witnesses and were examined in behalf of the plaintiff; the latter at the time of the trial was in, and a resident of, the State of Oregon, and not a witness. It was while arguing the facts connected with the execution of the deed, that the counsel of the plaintiff was proceeding to comment on the fact that the defendant had not offered himself as a witness, when he was stopped by the Court upon the objection to such comments being made by the counsel of the defendant. It was not alleged that the defendant, Wagner, knew other and different facts in connection with the bargain and the execution of the deed than those testified to by the plaintiff and draftsman of the deed. If he

had such knowledge it was the duty and right of the plaintiff to produce the witness or procure his testimony.

But His Honor placed his exclusion of the comments of the counsel in the exercise of his discretion upon the ground and finding by him, that the. facts touching the execution of the deed on which the counsel was commenting were not within the peculiar knowledge of Wagner, the defendant. It was not required that His Honor should have taken that precaution before stopping the counsel. The general rule was applicable, that it is not a proper subject of comment before a jury that a party to an action has not offered himself as a witness in his own behalf. *Devries* v. *Phillips*, 63 N. C. 53.

2. This is an action upon covenants against incumbrances in a deed executed by the defendant to the plaintiff. See *Gragg* v. *Wagner*, 71 N. C. 316. The defendant now alleges a mutual mistake of the parties in inserting these covenants, and asks that the deed be reformed. Upon an issue as to this mutual mistake being submitted to a jury, it is found that there was such a mistake. This being an equitable defence to the action, all the evidence has been sent up with the appeal, and we are called upon by the plaintiff to review the finding of the jury upon the evidence. under Art. IV, § 8, of the Constitution as amended.

Without deciding at this time whether an action of covenant, which was strictly an action at law under the former system, but to which an equitable defence can now be made under the new system, falls within the operation of this amendment to the Constitution, we are free to say that we have examined all the testimony, and feel warranted in saying that the jury are fully justified in finding their verdict.

There is no error.

PER CURIAM.                    Judgment affirmed.