THOMAS J. LYNCH, ADMINISTRATOR OF THE ESTATE OF JOHN WESLEY LYNCH;
THOMAS J. LYNCH, ADMINISTRATOR OF THE ESTATE OF JAMES THOMAS
LYNCH; AND THOMAS J. LYNCH, INDIVIDUALLY, PLAINTIFFS v. ROBERT
W. NEWSOM, III, ADMINISTRATOR OF THE ESTATE OF SUSIE NEWSOM
LYNCH; AND ROBERT W. NEWSOM, III, INDIVIDUALLY, DEFENDANTS

THOMAS J. LYNCH, ADMINISTRATOR OF THE ESTATE OF JOHN WESLEY LYNCH;
THOMAS J. LYNCH, ADMINISTRATOR OF THE ESTATE OF JAMES THOMAS
LYNCH; AND THOMAS J. LYNCH, INDIVIDUALLY, PLAINTIFFS v. ROBERT
W. NEWSOM, III, AND THOMAS P. RAVENEL, CO-EXECUTORS OF THE ESTATE
OF ROBERT WESLEY NEWSOM, JR.; ROBERT W. NEWSOM, III, AND
THOMAS P. RAVENEL, CO-EXECUTORS OF THE ESTATE OF FLORENCE
SHARP NEWSOM; ROBERT W. NEWSOM, III, ADMINISTRATOR OF THE
ESTATE OF SUSIE NEWSOM LYNCH; AND ROBERT W. NEWSOM, III,
DEFENDANTS

THOMAS J. LYNCH, ADMINISTRATOR OF THE ESTATE OF JOHN WESLEY LYNCH;
THOMAS J. LYNCH, ADMINISTRATOR OF THE ESTATE OF JAMES THOMAS
LYNCH; AND THOMAS J. LYNCH, INDIVIDUALLY, PLAINTIFFS v. FRANCES
N. MILLER, EXECUTRIX OF THE ESTATE OF HATTIE A. CARTER NEWSOM;
ROBERT W. NEWSOM, III AND THOMAS P. RAVENEL, CO-EXECUTORS OF
THE ESTATE OF ROBERT WESLEY NEWSOM, JR.; ROBERT W. NEWSOM,
III AND THOMAS P. RAVENEL, CO-EXECUTORS OF THE ESTATE OF FLORENCE
SHARP NEWSOM; ROBERT W. NEWSOM, III, ADMINISTRATOR OF THE
ESTATE OF SUSIE NEWSOM LYNCH; FRANCES NEWSOM MILLER;
ODELL CARTER, MOZELLE CARTER SHELBY; ROBERT W. NEWSOM,
III; ROBERT W. NEWSOM, III, TESTAMENTARY TRUSTEE UNDER THE WILL
OF HATTIE A. CARTER NEWSOM; NANCY MILLER DUNN; NANCY
MILLER DUNN, TESTAMENTARY TRUSTEE UNDER THE WILL OF HATTIE A.
CARTER NEWSOM; DAVID MILLER, DEBRA MILLER PARHAM; AND
LATHAM LEE MILLER, DEFENDANTS

No. 8818SC516

(Filed 17 October 1989)

### Descent and Distribution § 6 (NCI3d) — slaying of children by mother — interest of children in mother's estate

The trial court erred by granting summary judgment for
defendants in a declaratory judgment action to determine the
interest of plaintiff administrator's sons in the estates of their
mother, Susie Newsom Lynch, their maternal grandparents,
Florence Sharp Newsom and Robert Wesley Newsom, Jr., and
their greatgrandmother, Hattie A. Carter Newsom, where Susie
Newsom Lynch died intestate and her estate includes interests
willed to her by her parents and grandmother; Susie Newsom
Lynch was alleged to have acted in concert with others to

have intentionally killed or to have been culpably negligent in causing the deaths of her sons, Florence Sharp Newsom and Robert Wesley Newsom, Jr., and Hattie A. Carter Newsom; and the children were alleged to have survived their mother. None of the survival issues raised by the pleadings was resolved by the evidence; and, although the mother was not adjudicated as the "slayer" of the children under N.C.G.S. § 31A-3, that statute merely authorized an additional means of preventing some wrongdoers from profiting from their wrongs and did not abrogate any of the procedures devised by law to prevent one from profiting from his own wrong.

**Am Jur 2d, Descent and Distribution §§ 101 et seq.**

APPEAL by plaintiff and cross-appeal by defendants from *Albright, Judge.* Judgments entered 22 January 1988 in Superior Court, GUILFORD County. Heard in the Court of Appeals 10 January 1989.

Plaintiff's appeal is from Judge Albright's dismissal of these three declaratory judgment actions by summary judgment under Rule 56 of the North Carolina Rules of Civil Procedure. An earlier order by Judge Rousseau denying defendants' motions to dismiss the complaints under Rule 12(b)(6), North Carolina Rules of Civil Procedure, for not stating a claim for which relief can be granted is not challenged. The actions were brought to determine the interest of plaintiff administrator's deceased sons, James Thomas Lynch and John Wesley Lynch, in the estates of their mother, Susie Newsom Lynch, their maternal grandparents, Florence Sharp Newsom and Robert Wesley Newsom, Jr., and their great-grandmother, Hattie A. Carter Newsom. The children, then nine and ten years old, and their mother died in Guilford County on 3 June 1985 in an automobile driven by Frederick R. Klenner, Jr., who was fleeing from law enforcement officers attempting to arrest him for murdering the three decedent Newsoms in Forsyth County two weeks earlier. During the chase, which lasted about twenty-five minutes, Klenner and his pursuers exchanged gunfire several times, either Susie Newsom Lynch or Klenner gave each child a lethal dose of cyanide and shot it through the head, and Klenner set off a bomb that blew up the car and killed him and her. Susie Newsom Lynch, divorced from plaintiff, died intestate and her estate includes interests willed to her by her parents and grandmother. Subject to conditions that have not been judi-

LYNCH v. NEWSOM

[96 N.C. App. 53 (1989)]

cially interpreted and require no discussion here, the will of each parent made her a beneficiary of the residual estate in the event the other parent died first, and the will of her grandmother bequeathed her $5,000 and made her a beneficiary of the residuary estate in the event her parents died first. All the actions are based upon allegations, denied by defendants, that each child survived his mother and that she in concert with others either intentionally killed or was culpably negligent in causing the deaths of the children and all three Newsoms. The action against the estate of Hattie A. Carter Newsom is based upon the further allegation that Hattie A. Carter Newsom predeceased Robert Wesley Newsom, Jr.

*Donaldson, Horsley & Greene, by Richard M. Greene and Arthur J. Donaldson, for plaintiff appellant, cross-appellee.*

*Henson Henson Bayliss & Teague, by Perry C. Henson, for defendant appellees, cross-appellants Administrator of the Estate of Susie Newsom Lynch and Co-Executors of the Estates of Florence Sharp Newsom and Robert Wesley Newsom, Jr.*

*John W. Hardy for defendant appellees, cross-appellants Co-Executors of the Estates of Robert Wesley Newsom, Jr. and Florence Sharp Newsom.*

*Wesley Bailey for defendant appellee, cross-appellant Executrix of the Estate of Hattie A. Carter Newsom.*

*Robert W. Newsom, III, pro se.*

PHILLIPS, Judge.

Since it had been determined earlier that the complaints state claims for which relief can be granted, the hearing for summary judgment was conducted upon defendants' contention that no genuine issue of material fact exists in these cases in that the material facts upon which his claims depend cannot be proven. In sustaining the motions and dismissing the actions the court in effect ruled that the pleadings, affidavits and other materials considered establish as a matter of law that defendants' contention has merit. The following legal principles, rudimentary to the authority of a trial court to summarily dismiss a civil action under Rule 56 of our Rules of Civil Procedure, are pertinent: The burden of establishing that there is no material factual issue to litigate and summary judgment is appropriate is always upon the movant. *Oestreicher v. American National Stores, Inc.,* 290 N.C. 118, 225 S.E.2d 797

(1976). In a summary judgment hearing a nonmovant plaintiff is not required to go forward, as at trial, and show in the first instance that he can prove his case; until a movant shows that its motion has merit nothing is required of the nonmovant. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E.2d 419 (1979); *First Federal Savings & Loan Association of New Bern v. Branch Banking & Trust Co.*, 282 N.C. 44, 191 S.E.2d 683 (1972). In order to show that a motion for summary judgment has merit the movant's own forecast of proof, if not contradicted or disputed, "must be such as to establish his right to judgment as a matter of law." *Moore v. Fieldcrest Mills, Inc., supra* at 470, 251 S.E.2d at 422. When these principles of law are applied to the record in these cases it is obvious that the judgments dismissing the actions were erroneously entered, and we vacate them.

The material facts that these defendants had to disprove or show cannot be established before being entitled to judgment as a matter of law were that the children survived Susie Newsom Lynch and her wrongdoing caused or contributed to their deaths and those of the Newsoms. For if either child survived his mother, who died intestate, he had a right to share in or receive her net estate including what she was entitled to receive under the wills of her parents and grandmother; and even if Susie Newsom Lynch survived the children, if she did so by wrongfully causing their deaths, and if her wrongdoing caused or contributed to the deaths of her parents and grandmother, her estate could not profit from those wrongs. *In re Ives Estate*, 248 N.C. 176, 102 S.E.2d 807 (1958). Obviously, defendants have not established as a matter of law that the material facts above stated cannot be proven. For in the hearing they did not even address the allegation that Susie Newsom Lynch's wrongdoing caused or contributed to the deaths of the children; or the allegation that she caused or contributed to the deaths of the three Newsoms; or the allegation that Hattie Carter Newsom predeceased Robert Wesley Newsom, Jr.; and though they did present materials to the court which indicate that Susie Newsom Lynch survived the children, that forecast of proof was contradicted by plaintiff's materials.

On the issue of the children's survival defendants' showing consisted principally of an affidavit by the Chief Medical Examiner for the State to the effect that the autopsy findings as to the conditions of the bodies and the nature of the injuries indicate in his opinion that the children died before their mother. This

## LYNCH v. NEWSOM

[96 N.C. App. 53 (1989)]

affidavit was effectively met by the affidavit of Dr. Modesto Scharyj, the Medical Examiner for Forsyth County, a longtime Professor of Pathology at the Medical School of Wake Forest University, to the effect that in his opinion the autopsy findings do not indicate that either child was dead when the explosion which killed Susie Newsom Lynch occurred, but indicate that she died before her son, John Wesley Lynch. By their cross-appeal defendants argue that Dr. Scharyj is not qualified to express such an opinion and the court erred in receiving it. The argument has no basis: The doctor's affidavit indicates that he is eminently qualified to make deductions from autopsy findings; for it indicates, *inter alia*, that he is both learned and experienced in the medical science of pathology, has supervised more than 10,000 autopsies, and that his opinions are based upon the very same autopsy findings that defendants' expert opined from. Thus, all the survival issues raised by the pleadings remain to be determined; none has been resolved.

On the other major factual issues in the cases — the alleged wrongdoing of Susie Newsom Lynch in causing the deaths of the children and the Newsoms — defendants only showed that she has not been adjudicated as the "slayer" of the children or the Newsoms under G.S. 31A-3 and that no action to have her so adjudicated was brought by plaintiff within a year of their deaths. But they did not show, or attempt to show, that Susie Newsom Lynch did not cause the deaths involved; and the only materials bearing at all on this factual issue were some laboratory reports from the Chief Medical Examiner's office presented by plaintiff which merely show that wipings taken from her hands indicate that she may have fired a gun before dying. That no action was brought under the slayer statute to declare Susie Newsom Lynch the slayer of the children and the Newsoms is not disputed by plaintiff, and from this established fact defendants argue that plaintiff is barred from proving that her wrongdoing contributed to those deaths. This argument is based upon a misunderstanding of the slayer statute, Article 3, Chapter 31A of our General Statutes. As our Supreme Court made clear in *Quick v. United Benefit Life Insurance Co.*, 287 N.C. 47, 213 S.E.2d 563 (1975): This enactment merely authorizes an additional means of preventing some wrongdoers from profiting from their wrongs; it authorizes an action, if brought within the year, to establish by simplified proof the ineligibility of a slayer to share in the property of his victim; it applies only to felonious killings; it did not abrogate any of the

many procedures devised by the common law to prevent one from profiting by his own wrong; a litigant's failure to file an action under the slayer statute within a year of the death involved only bars him from filing such an action and availing himself of the presumptions and evidentiary shortcuts authorized by that statute, it does not affect his common law right to prove in any appropriate action, if he can, that the alleged wrongdoer's culpable negligence caused the death. Thus, plaintiff's failure to proceed under the slayer statute does not bar him from showing in these actions, if he can, that Susie Newsom Lynch's culpable negligence proximately contributed to the deaths of the children and the Newsoms and that her estate cannot profit from those wrongs.

In vacating the judgments dismissing the actions and remanding them to the Superior Court for further proceedings in accord herewith, we note again for emphasis that this is not an adjudication of the childrens' rights under either of the wills involved. Their rights, if any, under those wills are uncertain and will remain uncertain until the material facts in controversy are established and the Newsom wills are judicially interpreted. What has been adjudicated is that the record does not establish as a matter of law that no genuine issues of material fact exist in these actions and that the judgments dismissing the actions are erroneous.

Vacated and remanded.

Judges COZORT and GREENE concur.