JUHAN v. COZART

[102 N.C. App. 666 (1991)]

━━━━━━━━━━━━━━

MELISSA S. JUHAN (FORMERLY MELISSA NEEDHAM) v. WILEY H. COZART AND RUTH G. COZART, C. W. RUSSUM, INDIVIDUALLY, AND C. W. RUSSUM AND ASSOCIATES

No. 9010SC435

(Filed 7 May 1991)

1. **Fraud § 12.1 (NCI3d)— absence of knowledge and representations—insufficient evidence of fraud**

   Plaintiff's claim for fraud in the sale of a house with a sewer line under it was properly dismissed by summary judgment where the materials before the trial court established that defendants did not know that a sewer line was under the house and made no representations about a sewer line.

   **Am Jur 2d, Fraud and Deceit §§ 158, 162, 201.**

2. **Deeds § 24 (NCI3d)— deed to husband and wife—covenant against encumbrances—enforcement by wife**

   Plaintiff could enforce a covenant against encumbrances in a deed to plaintiff and her husband as tenants by the entirety after the marriage failed and the husband's interest was conveyed to her.

   **Am Jur 2d, Covenants, Conditions, and Restrictions § 289.**

3. **Deeds § 24 (NCI3d)— covenant against encumbrances—municipal sewer line not encumbrance**

   A municipality's underground sewer line across property conveyed by warranty deed did not constitute an encumbrance within the covenant against encumbrances in the deed where there was no recorded easement for the sewer line and the evidence did not reveal that the municipality has any right or color of right to maintain the sewer line across the property.

**Am Jur 2d, Covenants, Conditions, and Restrictions §§ 83, 85, 236.**

Judge GREENE concurring in part and dissenting in part.

Judge ORR concurs in part and dissents in part.

APPEAL by plaintiff from judgment entered 17 November 1989 by *Judge James H. Pou Bailey* in WAKE County Superior Court. Heard in the Court of Appeals 28 November 1990.

Plaintiff's claims against defendants Cozart for breach of warranty against encumbrances, fraud and breach of contract in selling a house to her and her former husband that had a sewer main of the Town of Fuquay-Varina under it were dismissed by summary judgment and plaintiff's motion for summary judgment on the warranty against encumbrances claim was denied. The dismissal of the breach of contract claim and the denial of her motion for summary judgment were not appealed, and her claim against defendant Russum and his surveying business for not discovering and reporting the sewer line when they surveyed the property incident to the purchase is still pending. When the motions were heard the court refused to receive all but one of the several notarized statements that plaintiff offered, including two that she signed, because they were deemed not to be affidavits and when the record on appeal was settled the court refused to include plaintiff's original verified complaint because it was not offered as evidence during the hearing and was replaced as a pleading by an unverified amended complaint.

The materials that the court did receive and consider — (the pleadings, plaintiff's requests for admission, defendants' affidavits, the deed to the Cozarts when they acquired the property in 1953, their deed conveying the property to the Needhams, Russum's survey, the deed of plaintiff's former husband conveying his interest in the property to her, and the affidavit of David J. Hooks, the vice-president of Hare Pipeline Construction Inc., which plaintiff submitted) — when viewed in the light most favorable to the plaintiff, establish the following facts without contradiction: The property that is the subject of the case, approximately an acre of land on Angier Road in the Town of Fuquay-Varina with a house situated on it, was owned by the Cozarts from 1953 until 17 December 1979, when they conveyed it to plaintiff and her former husband by a general warranty deed that contained a cove-

nant against encumbrances. Russum's survey showed a sewer ease-
ment running along the western half of the property some distance
from the house and defendants' deed stated that the conveyance
was subject to that easement. Before closing the transaction defend-
ants made no oral representations to the Needhams concerning
the property and did not know that a sewer line was under the
house; the femme defendant did not participate in the negotiations
leading to the sale and did not discuss any sewer line with either
of the Needhams; the male defendant had heard a rumor that
a sewer line was under the house and told plaintiff's husband,
who did not investigate it. On 11 October 1982, incident to their
approaching divorce, plaintiff's former husband conveyed his in-
terest in the property to her by a warranty deed which stated
that its purpose was "to terminate the tenancy by the entirety
held by Harlan L. Needham and wife, Melissa S. Needham and
to convey all of the husband's interest in said property to his
wife . . . ." In October, 1987 the parties learned that a live sewer
line of the Town of Fuquay-Varina was under the house and had
been in place when defendants acquired the property in 1953. In
January, 1988, at plaintiff's request, Hare Pipeline Construction
Inc. removed the sewer main from under the house and rerouted
it, for which it was paid $9,810.40 by plaintiff. The action was
filed on 27 February 1989.

*Monroe, Wyne, Atkins & Lennon, P.A., by George W. Lennon,
for plaintiff appellant.*

*Maupin Taylor Ellis & Adams, P.A., by John C. Cooke and
William J. Brian, Jr., for defendant appellees.*

PHILLIPS, Judge.

[1] Since the materials before the trial court establish without
contradiction that defendants Cozart did not know that a sewer
line was under the house they sold to plaintiff and her husband
and that they made no oral representations to them about it, plain-
tiff's fraud claim was properly dismissed and we affirm that part
of the judgment.

But plaintiff's claim for breach of warranty against encum-
brances stands on a different and stronger footing. For neither
the grantor's ignorance of an encumbrance nor the grantee's
knowledge of it will bar the enforcement of a covenant against
encumbrances, *Gragg v. Wagner*, 71 N.C. 316 (1874); *Gerdes v.*

JUHAN v. COZART

[102 N.C. App. 666 (1991)]

*Shew*, 4 N.C.App. 144, 166 S.E.2d 519 (1960), and instead of the materials before the court showing that this claim is unenforceable they establish the two elements of the claim as a matter of law. Defendants' deed to the Needhams establishes that the warranty or covenant was made and their admission that the sewer line was there when the property was conveyed to them more than 35 years earlier, along with the other evidence to the same effect, and that it was still there when they conveyed the property to the Needhams establishes that the warranty was breached upon the delivery of the deed. *Philbin Investments, Inc. v. Orb Enterprises, Limited*, 35 N.C.App. 622, 242 S.E.2d 176 (1978). Though, technically, plaintiff's right to an adjudication that the claim has been established is not before us, since the denial of her motion for partial summary judgment was not appealed, inasmuch as defendants' own materials indisputably establish that the claim has been established, to return the question to the trial court would only compound the errors already made there and prolong the litigation to no purpose. Thus, we reverse the court's rulings as to this claim, hold that the validity of the claim for breach of the covenant or warranty against encumbrances has been established as a matter of law, and remand the claim to the trial court for a determination of plaintiff's damages.

Defendants argue that the claim was properly dismissed for two reasons, the first of which is that the sewer line under the house was not an "encumbrance" as that word was used in their deed conveying the property to plaintiff and her husband. An encumbrance within the meaning of such a covenant is "any burden or charge on the land and includes any right existing in another whereby the use of the land by the owner is restricted." *Gerdes v. Shew*, 4 N.C.App. at 148, 166 S.E.2d at 522. Any easement that materially affects or interferes with the full use or enjoyment of the land conveyed is an encumbrance. *Waters v. North Carolina Phosphate Corp.*, 310 N.C. 438, 312 S.E.2d 428 (1984). Quoting from *Abernathy v. Stowe*, 92 N.C. 213 (1885), P. Hetrick, *Webster's Real Estate Law in North Carolina* Sec. 217 (rev. ed. 1988), states:

> 'Encumbrances' as used in the covenant against encumbrances has been said to mean 'such as have some foundation in right, or at least color of right, such as would require in some proper way an expenditure of money to remove them, and not such as may be set up arbitrarily and groundlessly by a pretender.'

The municipal sewer line situated under the house met all the requirements of an encumbrance under these authorities. It was a burden upon the land conveyed; it restricted the use of the property; and it had to be removed at substantial expense.

Defendants further argue that the sewer line was not an encumbrance because no document presented to the court establishes that the line is there under "any right, or claim of right, by a third party." This argument disregards both reality and the burden they had as movants to establish that the claim is unenforceable. Since their forecast of proof did not even suggest that the sewer line was there without any claim or color of right, plaintiff was under no compulsion to show otherwise. *Lynch v. Newsom*, 96 N.C.App. 53, 384 S.E.2d 284 (1989), *disc. review denied*, 326 N.C. 48, 389 S.E.2d 90 (1990). Defendants' affidavit merely showed that no public record of the easement was found. It did not attempt to show that the Town does not claim the line was rightfully there. Nevertheless, though no document shows that the line was rightfully there other evidence presented does; evidence of the same force as the proverbial trout in the milk, which prompted Henry David Thoreau to observe that, "Some circumstantial evidence is very strong." Bartlett, *Familiar Quotations* p. 515 (1951). For sewer lines in towns or cities which have authority under the provisions of G.S. 160A-312 and its predecessors to construct, operate and regulate sewerage collection systems do not just happen; they have to be installed at great cost and inconvenience and installing them is not the kind of thing that mere "pretenders" or trespassers are apt to do; and this sewer line had been there long enough, 35 or more years, to establish an enforceable right, if not authorized to start with.

[2] The other reason that justifies the dismissal of the claim, so defendants argue, is that plaintiff, now the sole owner of the property, cannot enforce the covenant because a covenant against encumbrances is personal to the covenantee and does not run to a successor or assign of the original grantee, *Lockhart v. Parker*, 189 N.C. 138, 126 S.E. 313 (1925), and defendants' covenant was made to plaintiff and her husband by the entireties, not to plaintiff individually. This argument would overturn reality with fancy. It has been aptly said of an estate by the entireties: "The estate rests upon the doctrine of the unity of person, and upon the death of one the whole belongs to the other, not solely by right of survivorship, *but also by virtue of the grant which vested the entire*

*estate in each grantee." Carter v. Continental Insurance Company
of New York*, 242 N.C. 578, 580, 89 S.E.2d 122, 123 (1955). (Emphasis
in original). The same thing occurs, in our opinion, when a tenancy
by the entireties terminates by the failure of the marriage and
one spouse's interest is conveyed to the other. Plaintiff has been
a grantee and covenantee under defendants' deed since it was
delivered; she did not cease to be one because her interest was
increased or joined by that of her former husband.

Still another argument—though without standing since no
authority is cited for it, and without foundation since it is contradicted
by the clear wording of their own deed—is that in excepting from
the covenant against encumbrances the "sewer line easement across
the western half of said lot," they also excepted the sewer line
that ran under the house, if it is ruled to be an encumbrance,
which they deny.

Plaintiff's argument that the court also erred in refusing to
receive and consider the other notarized statements that she sub-
mitted and the original verified complaint need not be determined,
for the claim has been established by the other materials and the
facts asserted by the rejected materials are merely cumulative
or explanatory. For example, the affidavit of the Bowlings, who
contracted to purchase the property from plaintiff, explained that
the presence of the line was discovered by their surveyor and
that they refused to complete the purchase until the encroaching
sewer line was rerouted at no expense to them and to the Town's
satisfaction; and the affidavit of their surveyor states that he ascer-
tained from searching the Town's records that the line was de-
signed in the 1940's and installed in the early 1950's. These and
other statements were refused because the Notary's certification
did not expressly state that the statements were subscribed and
sworn to before the Notary. The statements were labeled affidavits;
each stated over the maker's signature, "I . . . being first duly
sworn, do depose and say" and concluded with "Further, the Affiant
sayeth not"; and each jurat over the signature and seal of the
Notary Public stated, "I . . . do hereby certify that [so and so]
personally appeared before me this day and acknowledged the due
execution of the foregoing instrument." Whether such statements
qualify as affidavits apparently has not been decided by our Courts
or any others, as neither party referred us to a decision involving
a similar document.

JUHAN v. COZART

[102 N.C. App. 666 (1991)]

As is apparent from the opinion of Judge Greene that follows, that opinion, concurred in by Judge Orr, is the majority opinion on the issue of the sewer line not being an encumbrance, and this opinion is a dissent on this issue. On all the other issues, this opinion is the opinion of the Court. Thus, the holding of the majority of this Court is that the summary judgment entered by the trial court for the Cozarts is affirmed.

Affirmed.

[3]    Judge ORR concurs in the above opinion except for the holding that the sewer line is an encumbrance, and as to that issue he concurs with the dissenting opinion of Judge GREENE.

Judge GREENE concurs in part and dissents in part with separate opinion.

Judge GREENE concurring in part and dissenting in part.

[3]    Contrary to the opinion of Judge Phillips, I do not believe that the underground sewer line is an encumbrance.

At the hearing on summary judgment, there was no dispute in the evidence material to a resolution of the issue in question. On the date the plaintiff and her husband purchased the property from Wiley H. Cozart and Ruth G. Cozart (Cozarts), there existed underneath the house on the property a Fuquay-Varina sewer line for which there was no recorded easement.

Because this undisputed evidence does not reveal that the Town of Fuquay-Varina has any "right, or . . . color of right" to maintain the sewer line across the property in question, there exists no encumbrance. *Abernathy v. Stowe*, 92 N.C. 213, 220 (1885); R. Cunningham, W. Stoebuck & D. Whitman, The Law of Property § 11.13 (1984) (encumbrance is outstanding right or interest in third party); 7 G. Thompson, Commentaries on the Modern Law of Real Property § 3183 (repl. 1962) (unfounded claims not encumbrances). The mere presence of an underground sewer line is not an encumbrance on the land through which it passes. Whether the Town of Fuquay-Varina has some prescriptive right by virtue of adverse possession was not an argument asserted by the plaintiff, and in any event her failure to present evidence on this issue at the summary judgment hearing is a bar to its consideration by this Court.

Therefore, my vote is to affirm summary judgment for the Cozarts on the plaintiff's claim for breach of warranty against encumbrances. I join with Judge Phillips in his resolution of the remaining issues.