Rita M. **WOOLBERT**, Administratrix of the Estate of Virginia Ann Morris; Rita M. Woolbert, Individually; and Charles Godfrey, Plaintiffs,

v.

**KIMBLE GLASS, INC.**; Kimble Glass, Inc., Savings Program; and Kimble Glass, Inc., Salary Retirement Plan, Defendants.

No. 4:98CV165.

United States District Court, W.D. North Carolina, Shelby Division.

January 12, 1999.

---

Louis E. Vinay, Jr., Morganton, NC, for plaintiffs.

Amy K. Reynolds, Haynsworth, Baldwin, Johnson & Greaves, Charlotte, NC, Thomas J. Tucker, Cooper, Walinski & Cramer, Toledo, OH, for defendants.

## MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the Plaintiffs' objections to the Memorandum and Recommendation of United States Magistrate Judge Max O. Cogburn, Jr. Pursuant to standing orders of designation and 28 U.S.C. § 636, this Court referred the Defendant's motion to dismiss for a recommendation as to disposition. The Magistrate Judge issued a recommendation that all of the Plaintiffs' claims be dismissed. For the reasons stated below, this Court hereby affirms the recommendation and dismisses each of the Plaintiffs' claims.

## I. *STANDARD OF REVIEW*

The district court conducts a *de novo* review of those portions of a Magistrate Judge's Memorandum and Recommendation to which specific objections are filed. *See* 28 U.S.C. § 636(b). This Court will not address general objections to the Magistrate Judge's Recommendation. "A general objection ... has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir.1991). In this Circuit, *de novo* review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).

The Plaintiffs filed four specific objections to the Magistrate Judge's Recommendation, one to the Magistrate Judge's not finding a particular fact, and three to conclusions of law. Plaintiffs' Objections. Thus, this Court will conduct a *de novo* review of the Plaintiffs' specific objections.

## II. *STATEMENT OF FACTS*

The Plaintiffs, the beneficiaries of the Estate of Virginia Morris and the duly qualified representative of her estate, allege that Virginia Morris was murdered by her husband, Joseph Morris, on April 21, 1996. After murdering Virginia, Joseph then shot himself; he died three days later, on April 24, 1996. Joseph was an employee of the Defendant Kimble Glass, Inc., and a participant in the Kimble Savings Plan. After Joseph's death, the Kimble Savings Plan paid the balance of his account, $55,792.95, to his named beneficiaries. Joseph Morris' beneficiaries were his two adult children from a marriage prior to his marriage to Virginia, the persons he named in the last beneficiary designation he filed with the Kimble Savings Plan.

The Plaintiffs filed this action seeking the payment of the balance of Joseph's account to the Estate of Virginia Morris. The Plaintiffs contend that the sums should have been paid to the Estate of Virginia Morris rather than the living beneficiaries named in the savings plan, because Virginia should be deemed to be a "surviving spouse" under Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1055.

The term "surviving spouse" is undefined in the statute. The statute provides that, in the absence of a written consent form, signed by the spouse of the plan participant, agreeing to the naming of other beneficiaries, a "surviving spouse" shall be paid the balance of any employee-benefit savings plan. 29 U.S.C. § 1055. The Plaintiffs allege that no consent form was ever signed by Virginia Morris, and thus, that even though she had in fact *predeceased* Joseph, the plan participant, her estate is entitled to the balance of the account rather than the beneficiaries named in the plan.

The Plaintiffs put forth several grounds for this reasoning, including the incorporation of North Carolina statutory and common law authority, as well as an alleged "well-recognized common law principle," into interpreting and applying the ERISA statute.

## III. *DISCUSSION*

The Plaintiffs first object to the Magistrate Judge's conclusion of law that the North Carolina slayer statute does not apply when determining the meaning of the term "surviving spouse" under ERISA. The Plaintiffs argue that the state law should provide a meaning when the federal statute is silent. The Magistrate Judge based his conclusion on two grounds: 1) the preemption of state law by ERISA; and 2) the rulings of the North Carolina courts that the slayer statute only serves to exclude a slayer from his victim's estate, and not to alter the actual time of death of

any decedent. Memorandum and Recommendation, at 4. After *de novo* review, this Court finds the following and overrules the Plaintiffs' objection.

▌ As an initial matter, the silence of the federal statute as to the definition of "surviving spouse" is not grounds for free interpretation by this Court. "When a word is not defined by statute, we normally construe it in accord with *its ordinary or natural meaning.*" *Smith v. United States*, 508 U.S. 223, 228, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993) (quoted in *Runnebaum v. NationsBank of Maryland*, 123 F.3d 156, 167 (4th Cir.1997)). Thus, this Court is bound to define the term "surviving spouse" in its ordinary and natural sense, to wit: "the spouse who outlives the other spouse." Black's Law Dictionary, at 1279 (5th ed.1979). Thus, as Virginia Morris is not "the spouse who outlive[d] the other spouse," she cannot be a surviving spouse. As such, she is not covered by the terms of the statute on which the Plaintiffs rely. *See* 29 U.S.C. § 1055. Thus, the Plaintiffs fail to state a claim under the statute.

▌ The law cited by the Plaintiffs do not support their interpretation. The North Carolina slayer statute states that "[t]he slayer shall be deemed to have died immediately prior to the death of the decedent[.]" N.C.Gen.Stat. § 31A–4. The Plaintiffs argue that this phrase means that Virginia, as a legal matter, did not predecease her slayer, Joseph, and thus her estate is entitled to benefit from his subsequent death three days later. That is not the result under the law in North Carolina.

The North Carolina courts are clear in their statement of the purpose, and effect, of the slayer statute:

> The Statute deems the slayer to have predeceased his victim *only* for the purposes of excluding the slayer from *his victim's estate.* This is evident by both the Statute's plain language and by statutory construction. . . . The statute does *not* indulge the fiction that the slayer's date of death is other than the actual date of death, but merely establishes a presumption to *exclude the slayer*. . . . It does *not* act to *include the victim* in the slayer's estate due to the slayer's crime.

*Mothershed v. Schrimsher*, 105 N.C.App. 209, 212–13, 412 S.E.2d 123, 125 (1992) (emphasis added).

Thus, preemption aside, the statute the Plaintiffs seek to apply does not, and *cannot*, produce the result the Plaintiffs seek, that is, the inclusion of the Estate of Virginia Morris in that of her slayer/husband's estate. Accordingly, the Plaintiffs' objection on this point is overruled.

The Plaintiffs also object to the Magistrate Judge not invoking the "well-recognized common law principle that one should not be allowed to profit by his own wrongdoing" to judicially rewrite the employee benefit plan so that the predeceasing wife's estate would be paid the benefits thereof.

Plaintiffs' Objections, at 2.

The facts in the record bear out that the slayer in this case is not profiting by his conduct. The "profit" that the Plaintiffs complain of is the fact that the slayer's named beneficiaries received the benefits from his employee benefit plan. In no instance did the slayer receive any profit or benefit as a result of his crime of killing his spouse, nor did the innocent named beneficiaries. The beneficiaries received payment as a result of the self-inflicted death of their father, occurring after the death of his wife, and not as a result of his slaying his wife. Therefore, again, preemption aside, the doctrine the Plaintiffs' seek to invoke does not, and cannot, produce the result the Plaintiffs seek.

▌ Furthermore, the common law does not afford the Plaintiffs the cause of action they seek. According to the Supreme Court of North Carolina (the forum state whose common law would apply in this case were it not preempted), and the United States Constitution, the denial of a slay-

er's heirs from taking their share of the estate of the slayer is not the common law in this country, and is unconstitutional. *See Misenheimer v. Misenheimer,* 312 N.C. 692, 698, 325 S.E.2d 195, 198, *reh'g denied,* 313 N.C. 515, 334 S.E.2d 778 (1985).

According to the North Carolina Supreme Court:

> Long ago the common law required ... that the attained felon's heirs could inherit nothing from him because of his corrupt blood.... However, these ancient common law doctrines were abolished in America under the Federal Constitution [Article I, § 10, "No state shall ... pass any bill of attainder"] ... [and] the United States Supreme Court noted that ... a statute ... preventing a felon from ... transmitting property or other rights by inheritance, constitutes punishment for bill of attainder purposes.

*Id.* The North Carolina Supreme Court added: "While it may be true that 'the gods visit the sins of the father upon the children,' this Court will not do so." *Id.,* (citing Euripides, Phrixus; *see also* Shakespeare, Merchant of Venice III v 1) (footnote omitted).

Thus, again (preemption aside), the common law of both North Carolina and the United States generally will not penalize the innocent beneficiaries of the slayer's employee benefit policy. Again, the result the Plaintiffs' seek cannot be had. Accordingly, the Plaintiffs' objection on this point is overruled.

The Plaintiffs further object that the Magistrate Judge did not address a breach of contract cause of action enumerated under Count I of the complaint. In the interests of clarifying how the Plaintiffs' claims *supra* do not state a valid cause of action under the alleged law and principles cited by the Plaintiffs, this Court has not yet addressed the preemption of state and common law. This Court now addresses ERISA preemption in the context of the breach of contract claim, and also holds that, a *fortiori,* the reasoning given below applies to the claims *supra.*

"Congress intended by ERISA to 'establish pension plan regulation as *exclusively* a federal concern.'" *FMC Corp. v. Holliday,* 498 U.S. 52, 64, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990) (citation omitted) (emphasis added). "The preemption clause is conspicuous for its breadth. It establishes as an area of *exclusive federal concern* the subject of *every state law* that '*relates to*' an employee benefit plan[.]" *Id.,* at 58, 111 S.Ct. 403 (emphasis added). Thus, under ERISA, other than a very narrow exception for laws that "regulate insurance" and applicable criminal laws, all other law is preempted and will not, and cannot, apply. *Id.; see also,* 29 U.S.C. § 1144(a)(b)(2)(A, B), 1144(b)(4).

■ Therefore, the alternate sources of law, both statutory and common, that the Plaintiffs seek to invoke, while not on the merits able to yield the results the Plaintiffs seek, are also not available to apply to the facts of this case in the first instance. Thus, the breach of contract claim fails to state a claim upon which relief may be granted, as do all the Plaintiffs' other claims founded on non-ERISA law. Accordingly, this Court hereby overrules the Plaintiffs' objections to the Magistrate Judge's recommendation to dismiss the breach of contract claim, and cites the above reasoning as further grounds for overruling the Plaintiffs' objections addressed *supra.*

The Plaintiffs' final objection is to the Magistrate Judge's not finding as fact that the Defendants had notice of the Plaintiffs' claims prior to distributing the balance of the subject account to the named beneficiaries. The Plaintiffs contend that by noticing this alleged fact, which must be taken as true for the purposes of the Defendants' motion to dismiss, "the Court must assume that prior to her death Virginia Morris was the proper beneficiary of Joseph Morris under the Savings Plan ... and that the Defendants ... recklessly

distributed the benefits to Joseph's children." The Plaintiffs further state that "the Defendants willfully plowed ahead with distribution to the children despite their knowledge of Plaintiffs' claims that the heirs or estate of Virginia Morris should have received the Savings Plan benefits." Plaintiffs' Objections, at 2. The Plaintiffs maintain that such an act "raises the issue of whether the Defendants complied with the letter and spirit of the Act." *Id.*, at 3.

The Plaintiffs, while correct in maintaining that this Court must accept as true that the Defendants did have notice of the Plaintiffs' claims, make a leap of logic in asserting that this Court must draw the *legal* conclusions that the Defendants were reckless and that the Defendants might not have complied with the "letter and spirit" of the law. The record reflects that the Defendants paid the benefits of the savings plan to the named beneficiaries of the plan, in the absence of a spouse surviving the plan participant in fact.

If the Defendants did possess the knowledge the Plaintiffs allege, a fact this Court must assume as true for purposes of this motion, such knowledge only helps to establish the due care of the Defendants, and that the Defendants *did* in fact comply with the law. With knowledge that there was no surviving spouse, per the terms of the plan and the statute, the Defendants were *supposed* to pay the benefits to the named beneficiaries. 29 U.S.C. § 1055. Thus, even assuming the fact alleged by the Plaintiffs as true, such a fact only reinforces the propriety of the Defendants' actions. Accordingly, the Plaintiffs' objection on this point is overruled.

The Plaintiffs raise again, by general reference, the above objections to the Magistrate Judge's recommendation to dismiss Counts II and III of the Complaint as well. This Court, per the reasoning given *supra*, also overrules these further objections of the Plaintiffs.

## IV. *ORDER*

**IT IS, THEREFORE, ORDERED** that the Defendants' motion to dismiss is **ALLOWED.** A Judgment is filed herewith.